FANNIE NORFLEET v. M. HAWKINS et als.

*Execution of power by feme covert—Consideration—Presumption.*

1. In the execution of a power, except simply to effect a sale, no consideration necessary.

2. There is no contract between the donee of the power and the appointee; the latter takes the estate as if it had been conveyed directly to him from the donor.

3. The doctrine of presumption of fraud arising from fiduciary relations, has reference to contracts between the parties, and applies to contracts between husband and wife.

4. In the application of the doctrine of presumption of fraud to the execution of a power by a married woman, in favor of her husband, there is a distinction between a power appendant and a power collateral. The former is where the execution of the power affects some interest or estate of the donee; the latter is a mere naked power, which does not affect his interest, but enables him to create an estate independent of his own.

5. Where there is a *contract* between the parties, or a *feme covert*, in the execution of a power in favor of her husband, affects some estate or interest of her own, there is presumption of law that the transaction is fraudulent, and the burden of showing that it is fair and conscientious is on him who seeks to support it. But when the transaction is the execution of a mere naked power, the law raises no presumption of fraud, but it is a question of fact to be decided by the jury upon the facts and circumstances of each case. ·

(*McRae* v. *Battle*, 69 N. C., 98; *Taylor* v. *Eatman*, 92 N. C., 601, cited and approved).

This was a CIVIL ACTION for the foreclosure of a mortgage, tried before *Shepherd, Judge,* and a jury, at Spring Term, 1885, of VANCE Superior Court. The action was commenced on the 2nd day of April, 1881, by the plaintiff against the defendant M. Hawkins and his wife, Truxilla Hawkins, for the foreclosure of a mortgage of a lot of land in the town of Henderson, heard at Spring Term, 1884, of said Court. J. T. McCraw who claimed the land as heir of Betty McCraw, was made a party defendant.

It was admitted that the defendant McCraw was the sole issue and heir-at-law of Bettie McCraw, wife of F. M. McCraw, that he arrived at the age of twenty-one years on the 25th day of August, 1881, and that his mother died on the 14th day of October, 1862. The plaintiff offered in evidence a deed made by her to Truxilla Hawkins, the *feme* defendant, conveying the land in controversy, dated the 1st day of January, 1879, and a mortgage from said Truxilla Hawkins and her husband, M. Hawkins made to her, to secure the purchase money of said land, bearing date February 25th, 1879. Also, the following deeds in support of her title:

First, a deed from Francis M. McCraw to W. H. Hughes, dated 22nd March, 1859, conveying the land in dispute, and a considerable amount of personal property, in trust, to pay certain debts specified, only amounting to something over three hundred dollars, and all other debts he might owe, and the residue to be held by him in trust for the sole, separate and exclusive benefit of his wife, Bettie McCraw, for and during the term of her life,

and to such other uses as she by will or deed might appoint, and if she should die without having made any appointment, then over, &c.

Secondly, a deed from Bettie McCraw to her husband, Francis M. McCraw, dated 22nd day of March, 1859, for the land in dispute, after her life, in exercise of the power in the deed of F. M. McCraw to W. H. Hughes

Thirdly, a deed for the land from F. M. McCraw to W. H. Hughes, dated 3rd day of August, 1863.

Fourthly, a deed from W. H. Hughes to Edith Holliday, for the use of the plaintiff, bearing date 10th day of February, 1864.

It was admitted that the conveyance by Hughes to E. Holliday, in trust for the plaintiff, was made for a valuable consideration, and that she had no actual notice of the trust or any breach thereof on the part of the trustee Hughes, and that she had no actual notice that he was trustee; that she entered into possession of said premises at the time of the execution of the deed to E. Holliday, and that she and those who claim under her, including the defendants, have ever since been in the continuous possession of the same under known and visible boundaries, claiming the same adversely to all persons.

The defendant J. T. McCraw denied the execution of the deed from Betty McCraw to her husband, and insisted that, if executed, its execution was procured by fraud and undue influence of F. M. McCraw, and that it was in law void.   The following issues were submitted to the jury :

1st. Did Betty McCraw execute the alleged deed to F. M. McCraw ?

2nd. If she executed the same, was it done by the fraudulent and undue influence of her husband, F. M. McCraw ?

The Court was asked by the defendant McCraw to charge the jury, that the deed was presumed in law to be void, unless it was shown to be made upon a fair consideration ; that it devolved upon the plaintiff to show this by a predonderance of

testimony, and that if she failed to do so, the second issue should be found in the affirmative.

The Court declined to so charge, and the defendant McCraw excepted.

The jury found the first issue in the affirmative and the second in the negative.

It was agreed by the counsel that the Court should try any other issue of fact raised by the pleadings, and after the finding of the jury, the defendant offered a certified copy of the records of Granville County Court, showing that by the decree of said Court, in a petition for the sale of slaves, F. M. McCraw was entitled, in right of his wife, to the one-third of $1,910.00, which was assigned in his deed of trust to W. H. Hughes for the payment of his debts, &c. This evidence was objected to by the plaintiff, and the Court, upon the facts admitted and the issues found by the jury, held the plaintiff's right to recover could not be affected by said evidence and refused to admit it, and the defendant excepted.

Judgment for plaintiff.

Motion for new trial. Motion refused, and defendant McCraw appealed to Supreme Court.

No counsel for plaintiff.
*Messrs. Davis & Cooke,* attorneys for defendants.

ASHE, J., (after stating the case). On the trial the defendant's counsel requested his Honor to charge the jury that the deed from Betty McCraw to her husband was presumed in law to be void unless it was shown to be made upon a fair consideration, and it devolved upon the plaintiff to show this by a preponderance of testimony, and if she fails to do so, the second issue should be found in the affirmative. We do not exactly comprehend what the learned counsel meant by a *fair consideration,* as in the execution of a power, except simply to effect a sale, no consideration is necessary. But we take it from the argument made in the

case that what was meant by a *fair consideration* was, that the relation of husband and wife was of such a nature as to give the husband an influence over his wife so as to raise such a suspicion with respect to contracts between them, that the law would throw the burden upon him to show that the transaction was fair and free from any undue influence.   It was contended that certain fiduciary relations, such as trustees and *cestui que trust*, attorney and client, guardian and ward, &c., are sufficient to raise a presumption of fraud as a matter of law, and that owing to the intimate relation of husband and wife, the same legal presumption applies to transactions between them ; and to support this position, the counsel cited the cases of *McRae* v. *Battle,* 69 N. C., 98 ; *Boyd* v. *DeLa Montague,* 73 N. Y., 498; *Darlington's Appeal,* 86 Penn. St., 512.  We concede that the doctrine enunciated by the counsel is well supported by authorities, and has a general application to all persons standing in a fiduciary relation, including husband and wife.

It is well settled that a wife may execute a power and even appoint to her husband.   2 Washburn on Real Property, 607; 1 Sugden on Powers, 99.   In the execution of a power there is no contract between the donee of the power and the appointee. The donee is the mere instrument by which the estate is passed from the donor to the appointee, and when the appointment is made the appointee at once takes the estate from the donor as if it had been conveyed directly to him.   The doctrine of a presumption of fraud arising from fiduciary relations in almost every case where it has been enforced, had reference to *contracts* between the parties, and but few cases are to be found where it has been applied to the execution of a power, and in these cases only when, by the execution of the power, some interest of the donee in the estate appointed passed to the appointee.   And the learned counsel in his researches upon the subject has been able to refer us to but two or three cases in which the doctrine has been held to apply to the execution of a power by the wife in favor of her husband, to-wit: the case of *Boyd* v. *De La Montague,* 73 N. Y., 498.

This was a transfer of the wife's lease-hold to her husband; there was no fraud, but both parties acted under a mutual mistake—and Darlington's Appeal, 86 Penn. State, where the wife two months after marriage, being in bad health and weak mind, conveyed her real estate to her husband for the consideration of one dollar, reserving a life estate; and in this State the case of McRae v. Battle, supra. But that was a case where the power reserved to the donor in an antenuptial settlement was executed so as to pass a subsisting interest of the wife in the estate appointed, and it was held to be in violation of the terms of the settlement and in contravention of the intention of the parties clearly deducible from the deed of settlement.

The only other case cited involving the question of a power executed by a married woman to her husband, was the case of Taylor v. Eatman, 92 N. C., 601.

There the case turned upon the validity of the execution of a naked power of appointment, which the feme covert had exercised in favor of her husband; and although the appellant was represented in this Court by counsel distinguished for his ability and indefatigable research, no such point was pressed or even raised. In the application of the doctrine of presumptive fraud to the execution of a power by a married woman in favor of her husband, there is a distinction between a power appendant and a power collateral. The former is where the execution of the power attaches on the interest of the donee and takes effect out of his estate, and the latter is a mere naked power and does not attach upon his interest, but enables him to create an estate independent of his own. 4th Kent, 350. In the former case, according to the decision in McRae v. Battle, it is held to apply, but that is as far as it seems ever to have been extended. It can have no application to the case of the execution of a mere naked or collateral power. We take the distinction to be that when there is a contract between the parties, or the donee of a power in executing the power atthe same time transfers some interest of his own in the estate, affects in some way his interest, there is a presump-

tion of law that that transaction is fraudulent, and the burden of showing its fairness is upon him who seeks to support it and to show that he has taken no advantage of his influence and that the arrangement is fair and conscientious. But when the transaction is the execution of a mere naked power, the law raises no presumption of fraud, but it is a question of fact for the jury, to be decided by them upon the facts and circumstances of each case that may be submitted to their determination.

Here the deed of Betty McCraw to her husband did not affect any interest of hers, it being to take effect at her death, and the jury have found as a fact that the deed executed by Betty Mc-Craw to her husband in execution of the power vested in her was not done by the *fraudulent and undue influence* of her husband F. M. McCraw. That was conclusive, and after the finding, as his Honor held, the exception taken to the refusal of his Honor to admit the evidence of the transcript from the County Court of Granville, and the other point pressed in the argument as to the statute of limitations and constructive notice, became immaterial. Our conclusion is, there was no error, and the judgment of the Superior Court is affirmed.

No error.                                                    Affirmed.