H. H. SIMS et al. v. T. B. RAY.

*Husband and Wife—Deed.*

1. While a wife may execute a power of appointment conferred upon her in favor of her husband, yet she cannot convey her land directly to him, except as allowed by *The Code,* §§1835, 1836.

2. The reason that all transactions of the wife with her husband in regard to her separate property were held void at common law, was, not because there was fraud, but because there might be fraud. This rule is now modified by statute, and the wife may contract with the husband, by complying with the provisions of §§1835, 1836 of *The Code.*

(*Taylor* v. *Eatman,* 92 N. C., 607; *Norfleet* v. *Hawkins,* 93 N. C., 392; *Walton* v. *Parish,* 95 N. C., 259; *Lee* v. *Pearce,* 68 N. C., 76; *McRae* v. *Battle,* 69 N. C., 98; cited and approved).

This was a CIVIL ACTION, tried before *Connor, Judge,* upon complaint, answer and demurrer, at October Term, 1886, of the Superior Court of DURHAM county.

The plaintiffs allege that they are heirs at law of Mary Ray, late wife of the defendant Tyrea B. Ray; that Mary Ray died in August, 1884, intestate, and seized and possessed of the land described in the complaint; that she never had issue by the said Tyrea B. Ray, and that the said Tyrea B. Ray is in possession of the said land, and wrongfully withholds possession from the plaintiffs.

The answer of the defendant, so far as is material to this case, denies that Mary Ray died seized and possessed of the land mentioned. On the contrary, that the said Mary Ray, on the 17th day of December, 1881, did by her deed duly executed, which has been admitted to probate and registered, convey the said tract of land to the defendant, her husband, for and during his natural life, a copy of which deed is annexed as a part of the answer. The deed, so far as is material to this action, recites, that "the said Mary Ray, in

consideration of the sum of one dollar, to be paid by the said Tyrea B. Ray, the receipt of which is hereby acknowledged, and also the further consideration of the affection which she bears towards the said Tyrea B. Ray, her said husband, has bargained and sold, and by these presents does bargain, sell and convey, to said Tyrea B. Ray, for and during his natural life, a tract of land, (describing it).

The probate is as follows:

"I, Geo. W. Jones, justice of the peace, do hereby certify that Mary Ray, wife of Tyrea B. Ray, personally appeared before me this day and acknowledged the due execution of the within deed of conveyance; and the said Mary Ray, being by me privately examined, separate and apart from her said husband, touching her voluntary execution of the same, doth state that she signed the same freely and voluntarily, without fear or compulsion of her said husband or any other person, and that she doth still voluntarily assent thereto."

The said deed was duly registered on March 7th, 1882.

To this answer the plaintiffs filed a demurrer, and for cause of demurrer say: "That the deed mentioned in said answer, under which defendant claims, is void at law."

The Court adjudged, "that the deed set up in the defendant's answer is void and inoperative to divest the estate of Mary Ray in the land in controversy, and that the demurrer to the said answer be sustained." From this the defendant appealed, and the only question presented for consideration, is as to the validity of the deed from Mary Ray to the defendant.

*Mr. R. C. Strudwick,* for the plaintiffs.

*Messrs. John W. Graham* and *John Devereux, Jr.,* for the defendant.

DAVIS, J., (after stating the facts). The appellant relies on *Taylor* v. *Eatman*, 92 N. C., 607; *Norfleet* v. *Hawkins*, 93 N. C., 392; and *Walton* v. *Parrish*, 95 N. C., 259. In the first of these cases it was held, that a *feme covert* was competent to execute a power, whether collateral, appurtenent or in gross, without the concurrence of her husband, and that she might execute it even in his favor; and the same was held in *Norfleet* v. *Hawkins*, *supra*, in which case it was said: "In the execution of a power, there is no contract between the donee of a power and the appointee, and when the appointment is made, the appointee at once takes the estate from the donee, as if it had been conveyed directly to him." These were executions of powers and not contracts or gifts.

The case of *Walton* v. *Parrish*, *supra*, only affirmed the well settled doctrine, that even before the change in the law in respect to the property of husband and wife, under the Constitution of 1868, and subsequent enactments, a deed from husband to wife would be upheld in equity, if it appeared that she was meritorious, and the property conveyed appeared to be no more than a reasonable provision for her. But we take it as settled, that prior to the act of 1871–'2, incorporated in *The Code*, §§1835, 1836, the wife could not by deed convey to her husband, the doctrine being, as laid down in Malone on Real Property, 600, that " unless the wife convey under power to dispose of the same, her disabilities are a bar, and on her death the land descends to her heirs," and except as authorized by §§1835 and 1836 of *The Code*, this is still the law. Its purpose is to protect the wife from the influence and control which the husband is presumed to have over her by reason of the marital relation.

The subject is elaborately discussed in *Lee* v. *Pearce*, 68 N. C., 96; and in *McRae* v. *Battle*, 69 N. C., 98; and the reason for the doctrine fully stated. It proceeds on the idea, not that there *is fraud*, but that there *may be fraud*, and gives an artificial effect to the relation beyond its natural

tendency to produce belief. This doctrine of the common law has been modified by the statutes referred to, and contracts between husband and wife are valid, if executed in the mode authorized by the statute ; but in order to render a deed from the wife to the husband valid, the requirements of the statute must be observed. Section 1835 declares, that no contract between husband and wife " shall be valid to effect or change any part of the real estate of the wife * * * unless such contract shall be in writing, and shall be duly proved as is required for conveyance of land; and upon the examination of the wife, separate and apart from the husband, as is now or may hereafter be required by law in the probate of deed of *femes covert;* and it shall appear to the satisfaction of such officer that the wife freely executed such contract, and freely consented thereto at the time of her separate examination, and that the same is not *unreasonable or injurious to her. The certificate of the officer shall state his conclusions, and shall be conclusive of the facts therein stated;* provided, that the same may be impeached for fraud as other judgments may." ·

It will be seen, from a glance at the deed from Mary Ray to the defendant, that the requirements of the statute have not been observed. There is no finding that the execution of the deed is not unreasonable or injurious to the wife, and no conclusion in relation thereto certified by the officer.

Our conclusion is, that the deed from Mary Ray to the defendant is not valid, and upon the death of the said Mary Ray, the land descended to her heirs.

The judgment of the Superior Court must be affirmed. There is no error.

No error.                                        Affirmed.