ELSIE ELIZABETH TRAMMELL v. ROBERT LEWIS TRAMMELL

No. 68SC187

(Filed 14 August 1968)

1. **Husband and Wife § 4— wife's separate property — transactions with husband — common law rule**

   All transactions of the wife with her husband in regard to her separate property were held void at common law.

2. **Husband and Wife § 10— separation agreements — requisites and validity**

   A separation agreement between husband and wife, which is executed without certification by the examining probate officer that the wife was privately examined, is void *ab initio*, and is not admissible in evidence to prove the terms of the agreement. G.S. 52-6, G.S. 47-39.

APPEAL by defendant from *Froneberger, J.,* 8 February 1968 Session of GASTON Superior Court.

The allegations of the complaint in this civil action are summarized as follows: Plaintiff and defendant were married in 1959; on 8 July 1965, they entered into a deed of separation, copy of same

being attached to and made a part of the complaint; under section "Second" of the agreement, defendant agreed to convey to plaintiff a certain automobile and to pay to Wachovia Bank $3,612.96 balance owing on said automobile, secured by a chattel mortgage; defendant paid only $1,000.00 of said indebtedness, the bank foreclosed its mortgage and repossessed the automobile; defendant is indebted to plaintiff in the sum of $2,612.96 plus interest.

In his answer, defendant alleged that the purported separation agreement is void for the reason that the probate certificate of the officer before whom plaintiff acknowledged execution of the instrument does not comply with the statutes.

At the trial, two issues were submitted to and answered by the jury as follows:

"1. Did the plaintiff and defendant enter into a valid separation agreement, as alleged in the Complaint?

"ANSWER: Yes.

"2. What amount, if any, is the plaintiff entitled to recover of the defendant?

"ANSWER: $2612.96."

From judgment entered on the verdict, defendant appealed.

*Frank Patton Cooke, Attorney for plaintiff appellee.*

*Childers & Fowler by H. L. Fowler, Jr., Attorneys for defendant appellant.*

BRITT, J.

Defendant's principal assignments of error raise the following questions: (1) Did the trial court commit error in allowing plaintiff to introduce the purported deed of separation as evidence? (2) Did the trial court commit error in overruling defendant's motion for judgment as of nonsuit at the conclusion of plaintiff's evidence?

The certificate attached to the purported deed of separation is as follows:

"NORTH CAROLINA

LINCOLN COUNTY

"I, Nellie L. Bess, Asst. Clerk of the Superior Court for Lincoln County, North Carolina, do hereby certify that ROBERT LEWIS TRAMMELL and his wife, ELSIE ELIZABETH McALISTER TRAM-

MELL, personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

"And I do further certify that it has been made to appear to my satisfaction, and I do find as a fact, that the same is not unreasonable or injurious to her.

"Witness my hand and official seal, this 8th day of July, 1965.

"s/ Nellie L. Bess, Asst. Clerk of the Superior Court"

G.S. 52-6 provides in part: ". . . nor shall any separation agreement between husband and wife be valid for any purpose, unless such contract or separation agreement is in writing, and is acknowledged before a certifying officer who shall make a private examination of the wife according to the requirements formerly prevailing for conveyance of land."

G.S. 47-39 sets forth the form of acknowledgment of conveyances and contracts between husband and wife. It provides, in part, that when an instrument or contract purports to be signed by a married woman and such instrument or contract comes within the provisions of G.S. 52-6 of the General Statutes, the form of certificate of her acknowledgment before any officer authorized to take the same shall be in substance as follows:

". . . and the said (here give married woman's name), being by me privately examined, separate and apart from her said husband, touching her voluntary execution of the same, does state that she signed the same freely and voluntarily, without fear or compulsion of her said husband or any other person, and that she does still voluntarily assent thereto.

"And I do further certify that it has been made to appear to my satisfaction, and I do find as a fact, that the same is not unreasonable or injurious to her."

Defendant insists that the purported deed of separation is void for the reason that the certifying officer did not provide in her certificate that the plaintiff was privately examined; and being void, the trial court erred in permitting it to be introduced in evidence.

[1]    All transactions of the wife with her husband in regard to her separate property were held void at common law. *Sims v. Ray,* 96 N.C. 87, 2 S.E. 443.

In *Caldwell v. Blount,* 193 N.C. 560, 137 S.E. 578, Connor, J., speaking for the court, it is said:

"C.S., 2515, (now G.S. 52-6) is an enabling statute; but for the statute the deed of a wife conveying land to her husband would

be void. Such deed is valid only when the statute has been strictly complied with. The law is stated in 30 C.J., at page 757, sec. 379, as follows:

" 'Since a married woman's power to convey is wholly statutory, all the requirements of enabling statutes must be strictly complied with to render her deed valid, and her deed will be held invalid where there is a failure to comply with statutory requirements as to execution or acknowledgment. Where, however, there has been a substantial compliance with statutory requirements, her deed may be enforced, but there must be a substantial compliance with every requisite of the statute.' "

In *Fisher v. Fisher*, 217 N.C. 70, 6 S.E. 2d 812, our Supreme Court said:

"This Court has uniformly held that the deed of a wife, conveying land to her husband, is void unless the probating officer in his certificate of probate certify that, at the time of its execution and her privy examination, the deed is not 'unreasonable or injurious' to her." (Citing numerous authorities).

In *Bolin v. Bolin*, 246 N.C. 666, 99 S.E. 2d 920, Denny, J., (later C.J.) speaking for the court said: "We have universally required separation agreements to be executed in conformity with statutory requirements governing contracts between husband and wife. . . . Furthermore, this Court has uniformly held that a contract between husband and wife, which must be executed in the manner and form required by G.S. 52-12 (now 52-6) is void *ab initio* if the statutory requirements are not observed." (Citing numerous authorities).

[2]    Applying these well-established legal principles to the case at bar, we are compelled to hold that the questions above stated must be answered in favor of the defendant. The purported deed of separation, without a certificate meeting the requirements of G.S. 52-6 and G.S. 47-39, is void and, over defendant's objection, should not have been allowed in evidence. Eliminating the purported deed of separation from the evidence, plaintiff failed to make out her case.

We are not called upon to say if it is now too late for plaintiff to obtain a proper certificate of acknowledgment to the purported deed of separation.

We deem it unnecessary to consider defendant's other assignments of error.

The judgment of the Superior Court is

Reversed.

CAMPBELL and MORRIS, JJ., concur.