CORA RAE KANOY v. THOMAS LINDLEY KANOY

No. 7321DC29

(Filed 14 February 1973)

Husband and Wife § 10— deed of separation — proper acknowledgment by wife — necessity for acknowledgment by husband

    Where plaintiff wife acknowledged execution of a deed of separation before a justice of the peace who certified that he privately examined plaintiff and found that the transaction was not unreasonable or injurious to her, the requirements of G.S. 52-6 were met and the deed of separation was valid despite the fact that defendant husband did not acknowledge the deed before a proper certifying officer.

APPEAL by defendant from Clifford, Judge, 24 July 1972 Session of FORSYTH District Court.

Plaintiff instituted this action to recover from defendant sums allegedly due her under a deed of separation. The evidence tended to show: Plaintiff and defendant were married to each other in August 1944. In February 1967 they entered

Kanoy v. Kanoy

into a deed of separation which provided, among other things, that defendant would pay plaintiff $240 per month beginning 1 March 1967. Defendant has made no payment since 1 August 1971.

Plaintiff acknowledged execution of the deed of separation before a justice of the peace who certified that he privately examined plaintiff and made findings, all as provided by G.S. 52-6. Defendant acknowledged execution of the instrument before a notary public.

A jury answered the issues submitted in favor of plaintiff and from judgment ordering defendant to pay plaintiff $1,680 plus court costs, defendant appealed.

*Bailey and Thomas by George S. Thomas for plaintiff appellee.*

*Wilson and Morrow by John F. Morrow for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the failure of the trial judge to direct a verdict for defendant either at the close of plaintiff's evidence or at the close of all the evidence for the reason that the separation agreement upon which plaintiff's action was brought is void. Defendant contends that the agreement is void for all purposes because it was not acknowledged by defendant before a proper certifying officer in compliance with the requirements of G.S. 10-4 and G.S. 52-6.

G.S. 10-4 pertinent to our consideration provides:

"(a) Subject to the exception stated in subsection (c), a notary public commissioned under the laws of this State acting anywhere in this State may —

(1) Take and certify the acknowledgment or proof of the execution or signing of any instrument or writing *except a contract between a husband and wife governed by the provisions of G.S. 52-6.*" (Emphasis added.)

We interpret the emphasized statutory language to mean that in contracts (which includes separation agreements, see *Bolin v. Bolin,* 246 N.C. 666, 99 S.E. 2d 920 [1957]) between husband and wife, G.S. 10-4 must be construed in light of and governed by the language of G.S. 52-6.

G.S. 52-6 *in February 1967* provided in pertinent part:

"(a) . . . nor shall any separation agreement between husband and wife be valid for any purpose, *unless such contract or separation agreement is in writing, and is acknowledged before a certifying officer who shall make a private examination of the wife according to the requirements formerly prevailing for conveyance of land.*" (Emphasis added.)

(b) The certifying officer examining the wife shall incorporate in his certificate a statement of his conclusions and findings of fact as to whether or not said contract is unreasonable or injurious to the wife. The certificate of the officer shall be conclusive of the facts therein stated but may be impeached for fraud as other judgments may be.

(c) Such certifying officer must be a justice of the Supreme Court, a judge of the superior court, a judge of the district court, a clerk, assistant clerk, or deputy clerk of the superior court, or a justice of the peace, or a magistrate, or the equivalent or corresponding officers of the state, territory or foreign country where the acknowledgment and examination is made. (Note: This subsection was rewritten in 1969.)

Defendant contends that the emphasized portion of subsection (a) above requires that the husband as well as the wife must acknowledge the execution of a deed of separation before one of the officials listed in subsection (c). We reject this contention.

Being cognizant of the fact that at common law all transactions between husband and wife regarding *her* separate property were void, *Sims v. Ray,* 96 N.C. 87, 2 S.E. 443 (1887), *Trammell v. Trammell,* 2 N.C. App. 166, 162 S.E. 2d 605 (1968), the purpose behind legislative enactment of G.S. 52-6 is relevant to our determination. G.S. 52-12 (now G.S. 52-6) was enacted to protect the wife from her husband's influence and control which were presumed by virtue of the marital relation. *Caldwell v. Blount,* 193 N.C. 560, 137 S.E. 578 (1927); Lee, *North Carolina Family Law,* § 110, p. 32. The statute (G.S. 52-6) was designed to validate transactions void at common law and to prevent fraud. *Perry v. Stancil,* 237 N.C. 442, 75 S.E. 2d 512 (1953); Lee, *North Carolina Family Law, supra.*

This court in *Trammell v. Trammell, supra,* quoted the following from *Caldwell v. Blount, supra:*

> "C.S., 2515, (now G.S. 52-6) is an enabling statute; but for the statute the deed of a wife conveying land to her husband would be void. Such deed is valid only when the statute has been strictly complied with. The law is stated in 30 C.J., at page 757, sec. 379, as follows:

> " 'Since a married woman's power to convey is wholly statutory, all the requirements of enabling statutes must be strictly complied with to render her deed valid, and her deed will be held invalid where there is a failure to comply with statutory requirements as to execution or acknowledgment. Where, however, there has been a substantial compliance with statutory requirements, her deed may be enforced, but there must be a substantial compliance with every requisite of the statute.' "

The Supreme Court of North Carolina has uniformly held that contracts (including deeds and separation agreements) in which the wife either directly or indirectly conveys land to her husband is void unless the certifying officer who examines the wife incorporates in his certificate a finding that the transaction is not unreasonable or injurious to her. *Combs v. Combs,* 273 N.C. 462, 160 S.E. 2d 308 (1968) ; *Davis v. Davis,* 269 N.C. 120, 152 S.E. 2d 306 (1967) ; *Tripp v. Tripp,* 266 N.C. 378, 146 S.E. 2d 507 (1966) ; *Brinson v. Kirby,* 251 N.C. 73, 110 S.E. 2d 482 (1959).

On the other hand, a husband may convey to his wife any right, title or interest in real estate which he owns. *Hendley v. Perry,* 229 N.C. 15, 47 S.E. 2d 480 (1948). The husband does not have to comply with the requirements of G.S. 52-12 (now G.S. 52-6) to validate the transaction. It has been held (See *Woolard v. Smith,* 244 N.C. 489, 94 S.E. 2d 466 [1956]) that a husband can by conveying land directly to himself and his wife create an estate by the entirety. Since the transaction was not a conveyance by the wife to her husband, presumably the statutory requisites of G.S. 52-12 (now G.S. 52-6) did not have to be complied with. Lee, *North Carolina Family Law,* § 110, p. 36.

G.S. 52-6(b) sets forth certain requirements of the certifying officer as far as the wife is concerned; subsection (c) then enumerates officials that are authorized to serve as "such

certifying officer." We think "such certifying officer" in subparagraph (c) refers directly to the certifying officer. in subparagraph (b) and relates only to the officer taking the wife's acknowledgment to the deed of separation or other instrument covered by the statute.

Keeping in mind the purpose of G.S. 52-6, we review several authorities dealing with construction of statutes. In 7 Strong, N. C. Index 2d, Statutes, § 5, p. 70, we find: "The courts will not adopt a construction that results in palpable injustice when the language of the statute is susceptible to another reasonable construction which is just and is consonant with the purpose and intent of the act." The following cases are cited in support of this statement: *Little v. Stevens,* 267 N.C. 328, 148 S.E. 2d 201 (1966); *Puckett v. Sellars,* 235 N.C. 264, 69 S.E. 2d 497 (1952); *Young v. Whitehall Co.,* 229 N.C. 360, 49 S.E. 2d 797 (1948).

In *Galligan v. Chapel Hill,* 276 N.C. 172, pp. 176-177, 171 S.E. 2d 427 (1970), we find: "The intent of the Legislature controls the interpretation of the statute. To ascertain this intent the courts should consider the language of the statute, the spirit of the Act and what it sought to accomplish, the change or changes to be made and how these should be effected. It should be construed contextually and harmonized if possible to avoid absurd or oppressive consequences. (Citations)"

Applying the stated principles to the construction of G.S. 52-6, we hold that the limitation imposed by subsection (c) as to who may serve as a certifying officer applies only to the official taking the acknowledgment of the wife. Consequently, we hold that the deed of separation involved in this case was valid and binding on defendant.

No error.

Judges PARKER and VAUGHN concur.