Argued May 16, affirmed July 18, 1977

In the Matter of the Marriage of
SIPE, *Respondent,*
*and*
SIPE, *Appellant.*
(No. 94565, CA 7863)
566 P2d 552

Ray W. Shaw, Salem, argued the cause for appellant. With him on the brief was Webb and Shaw, Salem.

Ralph W. G. Wyckoff, Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The wife appeals the dissolution of marriage decree contending her motion for summary judgment on her counterclaim should have been granted. The wife sought, by the motion, to enforce the provisions of a "Voluntary Separation Agreement" previously entered into by the parties in North Carolina.

The parties were married in North Carolina in 1968. They separated in 1974 because of irreconcilable differences. On January 28, 1975, in North Carolina, they executed a document denominated a "Voluntary Separation Agreement," which by its terms, required husband to pay $200 per month spouse support and $150 per month in the event of divorce.

Subsequently, husband moved to Oregon and filed a petition for dissolution of the marriage in the circuit court. The petition contained no mention of the separation agreement. The wife filed an answer and counterclaim in which she admitted the allegations of the petition except the allegation there were no property rights to be adjudicated. Her counterclaim alleged the existence of the separation agreement and its provisions, that it was valid, that husband had made no payments for support under the agreement, and asked, inter alia, the court to give her judgment for the unpaid support and to incorporate the provisions of the agreement in a decree of dissolution.

Wife filed a motion for summary judgment on her counterclaim pursuant to ORS 18.105, which was denied after hearing. She then moved for reconsideration contending husband had not responded by affidavit setting forth "specific facts showing that there is a genuine issue as to any material fact for trial" as required by ORS 18.105(4). Husband subsequently submitted an affidavit swearing that at the time he signed the agreement he was not represented by counsel, was not aware of the consequences of signing the agreement and that he signed under the belief he would have to do so in order to obtain a divorce.

[ 153 ]

At trial the wife again moved for summary judgment. Both parties had responded to written interrogatories which were submitted to the court for consideration along with husband's affidavit in ruling upon the wife's motion. The matter proceeded to trial. The court denied the motion for summary judgment and granted a decree of dissolution but declined to award spouse support to the wife or adopt the provisions of the separation agreement. The court made a specific finding that:

> "At the time [husband] signed the Voluntary Separation Agreement in evidence herein he was under the mistaken impression that he would be required to agree to such terms in order to obtain a dissolution of marriage."

The wife's sole assignment of error is the denial of her motion for summary judgment. She did not designate the transcript of the proceedings as part of the record on appeal.

The party moving for a summary judgment must establish: (1) "there is no genuine issue as to any material fact" and (2) that he "is entitled to judgment as a matter of law." ORS 18.105(3).

Wife asserts the agreement is a contract, the validity of which is to be determined under North Carolina law. The law of that state, she contends, allows recovery of damages for breach of a valid Voluntary Separation Agreement. She seeks damages in the amount of the support provided in the agreement from the date of its execution until the granting of the dissolution decree. Assuming arguendo the Oregon court in a dissolution proceedings may grant such a judgment, the wife's motion for summary judgment puts the validity of the agreement in issue.

■ In North Carolina a separation agreement between husband and wife to be valid must comply with North Carolina General Statutes § 52-6 (N.C. Gen. Stat. § 52-6). *Trammell v. Trammell,* 2 NC App 166, 162 SE2d 605 (1968). This statute in material parts provides:

"(a) No contract between husband and wife made during their coverture shall be valid to affect or change any part of the real estate of the wife, or the accruing income thereof for a longer time than three years next ensuing the making of such contract, nor shall any separation agreement between husband and wife be valid for any purpose, unless such contract or separation agreement is in writing, and is acknowledged before a certifying officer who shall make a private examination of the wife according to the requirements formerly prevailing for conveyance of land.

"(b) The certifying officer examining the wife shall incorporate in his certificate a statement of his conclusions and findings of fact as to whether or not said contract is unreasonable or injurious to the wife. The certificate of the officer shall be conclusive of the facts therein stated but may be impeached for fraud as other judgments may be.

"(c) Such certifying officer must be a * * * clerk * * * of the General Court of Justice * * *."

■  Beyond the terms of the statute to be valid in North Carolina;

" '[a] separation agreement must be untainted by fraud, must be in all respects fair, reasonable and just, and must have been entered into without coercion or the exercise of undue influence, and with full knowledge of all the circumstances, conditions, and rights of the contracting parties.' " *Eubanks v. Eubanks,* 273 NC 189, 196, 159 SE2d 562 (1968).

It becomes then a material issue in determining the validity of this agreement whether it is fair and reasonable, whether it was induced by coercion or undue influence and whether each of the parties had full knowledge of all the circumstances and conditions prior to signing. The husband's answers to the interrogatories and his affidavit raised the issue of whether he understood the consequences of the agreement and whether he was coerced into executing it. These issues can only be determined by the receipt and evaluation of evidence. The motion for summary judgment was properly denied. Since the record does not contain a

transcript of the evidence presented at trial on the petition for dissolution the decree is unreviewable beyond the issue of law presented by the ruling on the motion for summary judgment.

Affirmed.