LEE CONDOR et al. v. D. A. SECREST et al.

(Filed 19 November, 1908).

1. **Jurisdiction—Deeds and Conveyances—Mistake of Law—Courts of Equity.**

   The courts of equity have jurisdiction to correct a deed to effectuate the intention of the parties, wherein it appears, from the construction of the entire instrument and from the action of the parties, that there has been a mistake of law.

2. **Deeds and Conveyances—Habendum—Remainder—Construction.**

   While a stranger to a deed cannot be introduced in the habendum clause to take as a grantee, he can therein take in remainder by way of limitation, when, by construction of the entire instrument, it appears that the intention of the parties is given effect. An estate to D., "her heirs and assigns" in the premises; habendum, to hold, "to her," the said D., during her natural life, and at her death to the heirs of S. *Held*, the deed, construed in its entirety, conveyed only a life estate to D. with limitation over in accordance with the terms of the habendum clause.

3. **Deceased Persons, Transactions With—Title Claimed—Declarations.**

   When deceased has had no interest in the lands in dispute, but was simply an assignee of a purchaser thereof and made a deed in accordance with directions given, evidence of his declarations and directions respecting the manner in which the deed was to have been drawn does not come within the prohibition of Revisal, sec. 1631, involving transactions and communications with deceased persons, as no claim of title is made under him.

4. **Deeds and Conveyances—Conveyances to Heirs of Living Person—Children.**

   An estate granted to D. for life and then to the heirs of S., who was then alive, is operative as to the conveyance of the remainder under Revisal, sec. 1583, which construes the word "heirs" to mean children, in such instances.

5. **Principal and Agent — Independent Purpose — No Question of Agency.**

   When a person is acting upon his own intention, and thereby effectuates a conveyance to D. for life and then to his own children, no question as to his acting as the agent of D. is presented.

ACTION tried before *Long, J.,* and a jury, August Term, 1908, of LENOIR.

The pleadings, evidence and verdict disclose the following case: J. E. Brown and John Hill, executors, sold the lands in controversy at public auction to J. L. Orr, who transferred his bid to L. M. Secrest, upon the understanding with said Secrest that title should be made by the executors to Nancy Doolin "for and during her natural life, then to the heirs of L. M. Secrest." Pursuant to said agreement, the deed was drawn and signed by the executors, with the words in the *premises* to said "Nancy Doolin, her heirs and assigns," and, in the *habendum*, "to hold the aforesaid premises to her, the said Nancy Doolin, during her natural life, and at her death to the heirs of L. M. Secrest." The deed, so executed, was delivered to Nancy Doolin, who took possession of the land and remained therein until she intermarried with said L. M. Secrest; they continued to reside thereon until the death of said Secrest, during the month of February, 1904. It was the purpose and intention of the parties to have the deed so drawn as to vest in Nancy Doolin a life estate, with the remainder to the heirs of L. M. Secrest, and the words imposing the limitation were placed in the habendum of the deed, by the mutual mistake of the draughtsman and the parties to the deed. The deed was not registered during the life of Secrest. The words limiting the estate to Nancy Doolin for life, remainder to the heirs of Secrest, were "clipped" from the deed, and thereafter it was presented for registration by his administrator in its mutilated condition. Thereafter, said Secrest and his wife, formerly Nancy Doolin, conveyed the land in fee to R. T. Brown, who executed a mortgage to secure the purchase money, no part of which has been paid. Plaintiffs are the grandchildren of L. M. Secrest, being the children of two deceased daughters. One of the grandchildren having assigned his interest to James Helms, he was permitted to become a party plaintiff. Nancy Secrest, formerly Doolin, having died pending the action, her administrator was made a party defendant. R. T. Brown

made no defense to the action. The administrator of Nancy Secrest asked that the mortgage to her be foreclosed. Such of the foregoing facts as were not admitted, were found in response to a series of issues submitted to the jury. His Honor rendered judgment for the plaintiff, correcting the deed and directing such correction to be entered on the records, etc., as were necessary to vest the title in the plaintiffs. The deed to Brown and mortgage from him to secure the purchase money were directed to be cancelled. The defendants, having noted exceptions and assigned errors, which are noted in the opinion, appealed.

*H. B. Adams, Jr.,* and *Williams & Lemmond* for plaintiff. *Redwine & Sikes* for defendant.

CONNOR, J. The defendants lodged a number of exceptions, several of which presented the same question. Such as are not discussed in the brief are abandoned. The first exception is pointed to the submission, over defendant's objection, of the fifth issue, directed to the mistake in drawing the deed. Plaintiff's cause of action was twofold. First. That the deed, as written, contained the language limiting the estate of Nancy Doolin for life, remainder to the heirs of L. M. Secrest. That these words in the habendum had been "clipped" out and the deed registered after its mutilation. That, as registered, the deed conveyed to Nancy Doolin an absolute fee simple estate. Second. That the words of limitation were put in the habendum instead of the premises of the deed by the mutual mistake of the draughtsman and the parties. The relief which was essential, from the plaintiff's point of view, to make the deed conform to and effectuate the intention of the parties, required the Court to reinstate the words of limitation and, by way of correcting the mistake, to insert them in the premises. This is what his Honor did. To present the last contention, his Honor submitted the fifth issue: "Were the said words, 'to her, the said

Nancy Doolin, for and during her natural life, and at her death to the heirs of L. M. Secrest,' placed in the habendum clause instead of in the premises of the deed, and allowed to remain there after the execution and delivery by reason of a mutual mistake of the draughtsman and the parties to the deed, and by reason of the mutual mistake of the said draughtsman and the parties in supposing that the words so placed in the habendum of the deed would have the effect of conveying a life estate to the said Nancy Doolin, and the remainder to the heirs of L. M. Secrest?"    And defendants assign his action, in this respect, as error.

We presume that plaintiffs tendered this issue because of the principle announced by this Court in *Blair v. Osborne,* 84 N. C., 417, and stated in 1 Jones on Conv., 564, that the *habendum* in a deed shall never introduce one who is a stranger to the premises, or cut down an estate in fee to a life estate; that the habendum may · be used "to explain, enlarge or qualify the premises, but not be totally contrary or repugnant." If the plaintiffs are correct in assuming that, by reason of the placing of the words of limitation in the habendum instead of the premises, the deed, as written, conveyed the fee simple to Nancy Doolin, they were compelled to seek the aid of the Court for correction or reformation. The mistake made in drawing the deed was one of law and not of fact. We do not find any evidence tending to show that, as a matter of fact, the draughtsman intended to put the words in the premises and by mistake put them in the habendum. It is probable that the parties did not know that it was material in which part of the deed the words were inserted —none of them were lawyers. That a mistake of law under such circumstances will be corrected, so that the intention of the parties may be effectuated, is settled by decisions of this Court and, with well defined limitations, is a· doctrine of equity. *Kornegay v. Everitt,* 99 N. C., 30 ; Bispham's Eq., sec. 186 ; 20 Am. & Eng. Enc., 824. The evidence is plenary

that Secrest, who gave direction what estate he wished con-veyed to Nancy Doolin, supposed that the deed, as drawn, effected such purpose. The language which he wished was inserted. It is equally clear that the draughtsman supposed that, as inserted, Secrest's intention was effectuated. It is found, as a fact, that Nancy Doolin accepted the deed and went into possession of the land under the impression that she had only a life estate. The fact that the words of limitation were afterwards "clipped" from the deed, manifests clearly that the parties who did it understood, that, as written, it conveyed only a life estate to Nancy with remainder to the heirs of Secrest. From that point of view there was a clear equity for reformation of the deed.

It is by no means clear, however, that any reformation was necessary—that the words of limitation, fraudulently "clipped," did not, as a matter of law, effectuate the intention of the parties. A careful examination of the opinion of *Judge Ashe* in *Osborne v. Blair, supra,* discloses that the Court, in that case, held that while a stranger to the premises could not be introduced in the habendum to take as *grantee* he could take in remainder by way of limitation. In that case the land was given to A. in the premises, and in the habendum to A. and her children by her then husband. A gift to "A. and her children" vests the present interest in them as tenants in common—therefore, if the gift be to A. in the premises, and "A. and her children" in the habendum, the children, if they take at all, take a present interest as tenants in common with their mother, and the principle which prohibits the introduction of a stranger, as grantee, of a present interest, applies—but the learned Justice says: "The deed should have such a construction as is most favorable to the minds and intention of the parties as the rules of law will permit." After saying what he gathered from the language of a deed to be the intention of the parties, he concludes: "If that was the intention, the form of the deed for that purpose

comports with the rules of construction, for the doctrine is laid down in Shepherd's Touchstone, 151, that 'one who is not named in the premises may, nevertheless, take an estate in remainder by limitation in the *habendum,'* citing other authorities for the proposition, that 'while the habendum shall never introduce one who is a stranger to the premises to take as grantee, he may take by way of remainder.'" The deed in *Osborne's Case* was construed to give to A. an estate for life, remainder to her children. In our case the manifest purpose of the parties was to give Nancy Doolin an estate for life, remainder to the heirs of L. M. Secrest. *Osborne's Case* is, therefore, a direct authority for holding that, notwithstanding the placing of the words of limitation in the *habendum* instead of the premises, the limitation is valid, and the "minds and intent of the parties" is given effect. It is an elementary principle controlling the construction of deeds, as other contracts, that the intention of the parties will be gathered from the whole instrument and every word given effect. The only limitation placed upon this general principle is, that when the law has given to words a definite meaning, they will be so interpreted as to give effect to this legal signification. The Court, if necessary to ascertain the intention of the parties, will transpose sentences. In *Phillips v. Thompson,* 73 N. C., 543, the word "heirs" was in the warranty, and not in the premises or habendum, hence, under the decisions, only a life estate was conveyed; the Court transposed, rearranged the placing of the word "heirs," and gave effect to them to convey the fee. The same was done in *Allen v. Bowen,* 74 N. C., 155. In *Staton v. Mullis,* 92 N. C., 623, *Smith, C. J.,* said: "The instrument expresses the intent to convey the inheritance, and that intent may be effectuated with equal, if not stronger, reasons by transposing and annexing to the conveying words, the concluding part of the sentence." Along the same line of thought, it is said: "The inclination of many Courts, at the present

day, is to regard the whole instrument, without regard to formal divisions. The deed is so construed, if possible, as to give effect to all of its provisions and thus effectuate the intent of the parties." Jones on Conv., sec. 568. In *Faure v. Daley,* 63 Cal., 664, it is said: "If it appears from an inspection of the whole deed that the grantor intended by the habendum clause to restrict, limit or enlarge, the estate named in the enlarging clause, the habendum will prevail over the granting clause." *Edwards v. Beall,* 75 Ind., 401; *Beard v. Osborne,* 113 Mass., 318; *Bartholomew v. Muzzy,* 61 Conn., 387. It would seem that the fifth issue was unnecessary and immaterial—hence, in any point of view, non-prejudicial.

Defendants except to the admission of the testimony of J. E. Broom, one of the executors who made the deed, in regard to the declarations and directions of L. M. Secrest respecting the manner in which the deed was to be drawn. Secrest had no interest in the land, nor does the administrator of Nancy Doolin claim under him. We do not perceive how this testimony, in any aspect of the case, comes within the prohibition of section 1631, Revisal. The plaintiffs do not claim under Secrest—he never had any interest in the land, but, as the assignee of the bidder at the sale, directed how it shall be conveyed. The limitations to his "heirs" would be void under the familiar maxim, *nemo est haeres viventis,* but for the provisions of the statute, Rev., sec. 1583, which enacts that in such cases the word "heirs" shall be construed to mean children. *Starnes v. Hill,* 112 N. C., 1.

No question of agency is presented. Secrest was not acting as agent of Nancy Doolin—he was acting, so far as the record shows, for himself, and carrying out his own declared purpose to secure to her a home for her life and then to his children. It is true that Mr. Broom says that Secrest said "something about some of her money being in it." This is too indefinite to form the basis of any conclusion. We find

no error in his Honor's instruction or refusal to give those submitted. We have examined the entire record with care and find no error. The jury, upon ample and competent testimony, under proper instructions from the Court, have found the facts as contended by plaintiffs. The only possible question, in regard to which any doubt could exist, was whether the evidence showed a mistake of fact in regard to the placing of the words of limitation. For the reasons we have pointed out, when the words in the habendum were restored, we are of the opinion that by giving effect to the intention of the parties, the children of Secrest were entitled to the land by way of remainder, upon the death of Nancy Doolin. His Honor has reached the same conclusion by a different route. The "clipping" of the words from the habendum of the deed and having it recorded in a mutilated condition was wrongful. The judgment restores the parties to their rights. There is

No error.