EDWARD LEE BOONE, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF FRANCES D. BOONE, DECEASED, AND WIFE, JOSEPHINE BRIGHT BOONE v. SHIRLEY LOVICK BROWN AND HUSBAND, ROBERT BROWN, AND THEODORE LOVICK AND WIFE, JUNE S. LOVICK

No. 718SC65

(Filed 26 May 1971)

Husband and Wife § 4— conveyances between husband and wife — failure to comply with statutes — invalidity of deed

A wife's deed which purported to convey to the husband a life estate in a house and lot *held* void where (1) the wife was not privately examined; (2) the certifying officer made no findings or conclusions as to whether the deed was unreasonable and injurious to the wife; and (3) the certifying officer was a notary public and as such was not one of the officials authorized by law to make the acknowledgment. G.S. 52-6; G.S. 10-4(a)(1). The statute which validates certain contracts between husband and wife does not apply to this case. G.S. 52-8.

APPEAL by petitioners from *Peel, Judge,* 14 September 1970 Civil Session of Superior Court held in LENOIR County.

This is a Special Proceeding to sell a house and lot in Kinston, N. C., on petition for partition. Respondents pleaded sole seizin. By agreement the cause was heard by the court upon stipulations as to the facts, which may be summarized as follows:

Frances D. Boone, now deceased, was formerly sole owner of the property. She was the wife of the petitioner, Edward Lee Boone, and was the mother by a previous marriage of the respondents, Shirley Lovick Brown and Theodore Lovick. On 9 February 1956 she signed a deed which, after reserving a life estate to herself, and purporting to convey a life estate to her husband, purported to convey the remainder interest in the prop-

erty in equal shares to her husband and her two children. The certificate of acknowledgment on this deed was as follows:

"North Carolina
Lenoir County

Personally appeared before me this day Frances D. Boone, signer of the foregoing deed, and acknowledged the due execution thereof for the purposes therein expressed.

Witness my hand, and Notarial seal this the 19 day of February, 1956.

/s/ Nell P. Stansell (SEAL)
Notary Public

My commission expires:
6/5/57"

The deed was recorded in the Lenoir County Registry on 23 February 1956. Frances D. Boone died on 20 February 1966 leaving a last will dated 10 June 1954 by which she devised the property in equal shares to her two children, the respondents. The will was duly admitted to probate.

Petitioner contends he owns a life estate and that he and the respondents, Shirley Lovick Brown and Theodore Lovick, are tenants in common of the remainder, each owning a one-third undivided interest in the property. Respondents deny petitioner owns any interest in the property and contend they are the sole owners.

On the stipulated facts, the court concluded as a matter of law that the purported deed dated 9 February 1956 from Frances D. Boone as grantor was void and that the respondents, Shirley Lovick Brown and Theodore Lovick, are sole owners of the property as tenants in common. From judgment in accord with these conclusions, petitioner appealed.

*Wallace, Langley & Barwick by F. E. Wallace, Jr., for petitioner appellant.*

*White, Allen, Hooten & Hines by John R. Hooten, for respondent appellees.*

PARKER, Judge.

A deed by which a wife undertakes to convey an interest in her real estate to her husband during their coverture is a con-

Boone v. Brown

tract between them to which the provisions of G.S. 52-6 apply. *Butler v. Butler,* 169 N.C. 584, 86 S.E. 507. Our Supreme Court has uniformly held that unless the requirements of that statute are complied with, such a deed is void. *Combs v. Combs,* 273 N.C. 462, 160 S.E. 2d 308; *Walston v. College,* 258 N.C. 130, 128 S.E. 2d 134; *Brinson v. Kirby,* 251 N.C. 73, 110 S.E. 2d 482; *Davis v. Vaughn,* 243 N.C. 486, 91 S.E. 2d 165; *Honeycutt v. Bank,* 242 N.C. 734, 89 S.E. 2d 598; *Ingram v. Easley,* 227 N.C. 442, 42 S.E. 2d 624; *Fisher v. Fisher,* 217 N.C. 70, 6 S.E. 2d 812; *Caldwell v. Blount,* 193 N.C. 560, 137 S.E. 578; *Best v. Utley,* 189 N.C. 356, 127 S.E. 337; *Singleton v. Cherry,* 168 N.C. 402, 84 S.E. 698; *Sims v. Ray,* 96 N.C. 87, 2 S.E. 443.

In the acknowledgment of the deed under which the husband petitioner claims in the present case, the statute was not complied with. No private examination of the wife was made as required by G.S. 52-6(a) ; the certifying officer did not incorporate in her certificate a statement of her conclusions and findings of fact as to whether or not the deed was unreasonable or injurious to the wife as required by G.S. 52-6(b) ; and the certifying official who took the wife's acknowledgment was a notary public and as such was not one of the officials authorized by G.S. 52-6(c) to make the required certificate. (In this last connection, see also G.S. 10-4(a)(1), which provides that a notary public of this State may take and certify the acknowledgment of any instrument *"except a contract between a husband and wife governed by the provisions of G.S. 52-6."*) While G.S. 52-6 has been several times amended, all three of the above requirements were in effect in 1956 at the time the deed here in question was executed. Since the statute was not complied with, the deed was void.

G.S. 52-8 is not applicable to this case. That statute purports to validate contracts between husband and wife coming within the provisions of G.S. 52-6 executed between 1 January 1930 and 20 June 1963 which do not comply with the requirement of a private examination of the wife. However, by its terms that statute applies only to contracts which are "in all other respects regular." As above noted, in this case not only was the private examination of the wife not taken, but there was no finding by the certifying officer of the officer's conclusions and findings of fact as to whether or not the deed was unreasonable or injurious to the wife as required by G.S. 52-6(b) and the certifying officer was not one of those authorized by G.S.

52-6(c) to make the required certificate. Therefore, it is not necessary for us to consider in the present case whether G.S. 52-8, if applicable, would be constitutional. (In this connection, see *Mansour v. Rabil*, 277 N.C. 364, 177 S.E. 2d 849; and *Godwin v. Trust Co.*, 259 N.C. 520, 131 S.E. 2d 456.)

The judgment appealed from is

Affirmed.

Chief Judge MALLARD and Judge VAUGHN concur.