JO ANN GILES GAMBLE, MARGARET G. AMAN, ATTIE E. GILES AND JAMES E. GILES v. J. P. WILLIAMS, SR. AND INEZ CARROLL

No. 784SC258

(Filed 6 February 1979)

**Deeds § 12.1— fee conveyed by granting clause, habendum and warranty—repugnant clause in introductory recital**

A clause in the introductory recital of a deed executed in 1933 purporting to limit the title of the grantee to a life estate with remainder to the heirs of

another was surplusage and of no effect where the granting clause, habendum and warranty gave the grantee an unqualified fee.

APPEAL by plaintiffs from *Reid, Judge.* Order entered 22 February 1978 in Superior Court, SAMPSON County. Heard in the Court of Appeals 10 January 1979.

The question presented on appeal involves the construction of a deed. On 16 June 1977, plaintiffs filed a complaint against defendants alleging that on 1 September 1933 a deed was recorded which conveyed 17.9 acres of land. The deed in question was prepared on a commercially printed form, and the blank spaces were completed in handwriting.

The introductory recital to the deed reads as follows: "THIS DEED, Made this 1st day of September 1933, by Freddie Giles of Sampson County and State of North Carolina, of the first part, to Maggie Giles, for the term of her natural life, then to the heirs of J. D. Giles. . . ."

Plaintiffs are the heirs of J. D. Giles. The complaint further alleges that Maggie Giles died on 28 February 1976 leaving a will which was duly probated in the Office of Superior Court of Sampson County. The will devised all of her property to Haywood Young Langdon, who subsequently conveyed the 17.9 acres described in the above deed to the defendants.

Plaintiffs' complaint requested a declaratory judgment adjudging them to be owners in fee simple of the land in question. On 15 August 1977, defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Rules of Civil Procedure on the grounds that the plaintiffs, as heirs of J. D. Giles, have no interest in the properties described in the deed.

At the hearing held on 22 February 1978 the parties, with the approval of the court, agreed that the motion should be treated as a motion for summary judgment. The court ordered that summary judgment should be granted in favor of defendants since there was no genuine issue as to any material fact. Plaintiffs appealed.

*Morgan, Bryan, Jones, Johnson, Hunter & Greene, by K. Edward Greene, for plaintiff appellants.*

*Doffermyre & Rizzo, by Daniel Rizzo and Warren and Fowler, by Stewart B. Warren for defendant appellees.*

CARLTON, Judge.

The sole question for decision is whether the clause in the 1933 deed attempting to restrict the title of Maggie Giles to a term of her natural life with remainder to the heirs of J. D. Giles is valid and effective when it appears only in the introductory recital to the deed and is not referred to elsewhere. The trial judge concluded that the language was ineffectual. We agree.

Other sections of the deed must be examined to understand the question presented and this Court's decision. The granting clause reads as follows: "Freddie Giles . . . has bargained and sold, and by these presents does grant, bargain, sell and convey to said Maggie Giles heirs and assigns. . . ."

The habendum clause, following the description, reads as follows: "To HAVE AND TO HOLD the aforesaid tract or parcel of land, and all privileges and appurtenances thereto belonging, to the said Maggie Giles and her heirs and assigns, to her only use and behoof forever."

The warranty provides that Freddie Giles covenants, "with said Maggie Giles and her heirs and assigns. . . ."

Plaintiffs rely primarily on four decisions of our Supreme Court: *Triplett v. Williams*, 149 N.C. 394, 63 S.E. 79 (1908), *Artis v. Artis*, 228 N.C. 754, 47 S.E. 2d 228 (1948), *Oxendine v. Lewis*, 252 N.C. 669, 114 S.E. 2d 706 (1960), and *Whetsell v. Jernigan*, 291 N.C. 128, 229 S.E. 2d 183 (1976). *Artis* and *Oxendine* established the rule of law that where an entire estate in fee simple is given the grantee in the granting, habendum and warranty clauses, other clauses in the deed, repugnant to the estate and interest conveyed, will be rejected. Plaintiffs contend, however, that *Triplett* and *Whetsell* carve at least two exceptions to the stated rule: (1) That when two clauses in a deed are repugnant to each other, the clause appearing first in the deed shall control its interpretation, and (2) The rule is applicable only to those situations where the inconsistency in the deed is contained in, or immediate-

Gamble v. Williams

ly after, the description clause of the deed. We do not agree with plaintiff's interpretation of the prevailing case law.

It is true that in *Artis, Oxendine,* and *Whetsell* the inconsistent clause was in the description area of the deed. However, in all those cases, the granting, habendum and warranty clauses were in accord. We find no case which limits the *Artis* and *Oxendine* rule to situations where the inconsistent or repugnant clause appears only in the description. In *Wilkins v. Norman,* 139 N.C. 40, 51 S.E. 797 (1905), the repugnant clause followed the warranty in the deed rather than being inserted in the description. The court held that the clause was void and the Supreme Court in *Artis* cited with approval the result obtained in *Wilkins.*

We also do not agree with plaintiffs that the language in the introductory recital should prevail since it was the first language defining the estate granted. In the case cited to us which is most similar to the case at bar, *Ingram v. Easley,* 227 N.C. 442, 42 S.E. 2d 624 (1947), the deed in question purported to convey to husband and wife a tenancy by the entirety. The husband's name appeared only in the introductory recital setting out the names of the parties. The granting clause conveyed the property to the wife alone and her heirs and assigns, and the habendum and warranty were in accord. The court, in holding that the deed conveyed nothing to the husband, stated: "In the event of any repugnancy between the granting clause and *preceding or succeeding* recitals, the granting clause will prevail." (Emphasis added.)

In *Whetsell,* the Supreme Court thoroughly analyzed existing case law as well as G.S. 39-1.1 enacted by the 1967 General Assembly. That statute, applicable only to conveyances executed after 1 January 1968 provides:

(a) In construing a conveyance executed after January 1, 1968, in which there are inconsistent clauses, the courts shall determine the effect of the instrument on the basis of the intent of the parties as it appears from all of the provisions of the instrument.

(b) The provisions of subsection (a) of this section shall not prevent the application of the rule in Shelley's case.

In *Whetsell,* Justice Moore clearly stated the North Carolina rule:

> By the enactment of this statute, the General Assembly clearly indicated its intention to leave the law relating to conveyances executed prior to 1 January 1968 unchanged and that the rule as stated in *Artis v. Artis, supra,* and *Oxendine v. Lewis, supra,* should remain in effect for conveyances executed prior to that date. Granting that this rule may occasionally subvert the real intention of the grantor, these particular instances of hardship can better be endured than the uncertainty and confusion of titles resulting from sudden and radical changes in well settled rules of property.

Finally, this Court has more recently addressed the issue raised in this appeal. In *Waters v. Phosphate Corp.,* 32 N.C. App. 305, 232 S.E. 2d 275 (1977), this Court interpreted *Whetsell* to establish the rule of law that conveyances executed prior to 1 January 1968 shall be interpreted by the courts in accordance with the principles enunciated in *Artis, Oxendine* and other earlier cases, and deeds executed after 1 January 1968 shall be interpreted in accordance with the provisions of G.S. 39-1.1.

Therefore, in the instant case, the clause in the introductory recital purporting to limit the title of Maggie Giles to a life estate with remainder to the heirs of J. D. Giles, though expressing an obvious intent of the grantor, must be deemed to be surplusage without force or effect.

For the reasons stated, the order of the trial court is

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.