GRACE WILLIE JOHNSON AND HUSBAND, HOYT JOHNSON, OF RANDOLPH COUNTY, PETITIONERS v. WILLIAM KELLY BURROW AND WIFE, JANE J. BURROW; JUDY B. ISAACSON AND HUSBAND, PAUL ISAACSON; JACK THOMAS UPTON AND WIFE, LOLA COMER UPTON, ALL OF RANDOLPH COUNTY, NORTH CAROLINA; WILLIAM W. BURROW BY HIS GUARDIAN AD LITEM, SOLONIA FRANCES BURROW, AND HIS WIFE, SOLONIA FRANCES BURROW, OF RANDOLPH COUNTY, NORTH CAROLINA; DON THOMAS UPTON AND WIFE, JEANNIE UPTON; CAROLYN URRP (EARP) AND HUSBAND, LARRY URRP (EARP); AND LULA C. UPTON, ALL OF MECKLENBURG COUNTY, NORTH CAROLINA, RESPONDENTS

No. 7819SC418

(Filed 17 July 1979)

1. Deeds § 11 — repugnant clauses — granting clause controlling

In the event of any repugnancy between the granting clause of a deed and preceding or succeeding recitals, the granting clause will prevail, and this rule is subject only to the limitations which may be placed by the habendum upon the estate granted if such a limitation clearly appears to be the intent of the grantor.

**2. Deeds § 11— husband's and wife's names in deeds—husband's name in grant-
ing clauses—no estate by entirety**

Three deeds did not create estates by the entirety in a husband and wife,
but conveyed to the husband a fee simple estate individually where all three
deeds included the husband and wife in the recital of the parties; this was the
only place the wife's name appeared in one of the deeds; in two of the deeds
the wife's name also appeared in the habendum and warranty clauses along
with the husband's name; two of the deeds stated that the consideration
named was paid by the husband; in the third deed the named consideration
was paid by "the party of the second part"; and in all three deeds the granting
clause conveyed the property to the husband and his heirs.

**3. Husband and Wife § 4.2— deed from wife to husband—insufficient findings
after private examination—deed validated by statute**

Where a 1922 deed from a wife to a husband was in all respects proper
except that the officer who conducted the private examination of the wife
made no finding that the deed was not unreasonable or injurious to her, G.S.
39-13.1(b) applied to validate the deed.

APPEAL by Respondent Lula C. Upton from *Walker (Hal H.)*,
*Judge.* Judgment entered 15 December 1977, Superior Court,
RANDOLPH County. Heard in Court of Appeals 26 February 1979.

Petitioner Grace Willie Johnson, alleging that she and
respondents are tenants in common of the lands described in the
petition, seeks to have the lands sold for partition. Respondent
Lula C. Upton denies the allegations of tenancy in common and,
as affirmative defenses avers: (1) sole seisin in herself (2) acquisi-
tion of title by her husband, John T. Upton, under whom she
claims, by adverse possession under color of title, should her
claim of sole seisin by record chain of title be denied (3) that peti-
tioner joined in a deed to John T. Upton conveying the lands
described in the petition and is, therefore, estopped to deny the
conveyance of her interest, or waived her interest, or is equitably
estopped to deny that her joining in the deed was for the purpose
of relinquishing her interest in the property, if she had any in-
terest therein.

Decision of this matter requires consideration of certain
deeds which were introduced into evidence by plaintiff:

(1) Deed dated 22 September 1908 and of record in Book 150
at page 205, Randolph County Registry. By this deed "A Upton
Margerite Upton his wife", conveyed to "J. K. Upton and A. B.
Upton" in the premises of the deed. The granting clause was to

"J. K. Upton and his Body heirs". The habendum ran to "John K. Upton and A. B. Upton and their Body heirs". The conveyance was for 80 acres of land in Randolph County.

(2) Deed dated 1 March 1916 and of record in Book 170 at page 148, Randolph County Registry. The premise indicated Alvis Upton and Maggie Upton his wife as grantors and J. K. Upton and Addie Upton his wife as grantees. The granting clause was to "the said J. K. Upton and his heirs". The habendum clause was to "J. K. Upton and Addie Upton his wife". The conveyance was for 70 acres of land in Randolph County.

(3) Deed dated 23 September 1908, and of record in Book 170 at page 146, Randolph County Registry. The premise clause indicated grantors as "Alvis Upton and Maggie Upton his wife" and grantees as "John K. Upton and wife, A. B. Upton". The granting clause was to "said John K. Upton and his heirs". The habendum was to "John K. Upton and his heirs and assigns". The conveyance was for 15 acres.

(4) Deed dated 30 November 1922, of record in Book 206, at page 494, Randolph County Registry from Addie Upton to John K. Upton conveying the 80 acres conveyed by Deed (1) above and retaining a life estate in grantor. This deed contained the certificate of the Clerk of Court with respect to his having privately examined the grantor and his finding that she voluntarily executed the deed without fear or compulsion of her husband. The certificate did not, however, contain a finding as to whether the conveyance was "unreasonable or injurious" to her, as required by G.S. 52-6 (now repealed).

Petitioner rested and Respondent Lula C. Upton introduced into evidence the following documents:

(a) Deed dated 2 June 1919 from John K. Upton to Addie Upton conveying the same 80-acre tract. The deed was signed by John K. Upton, A. Upton, and Maggie Upton and the acknowledgment before a Justice of the Peace was by "John K. Upton and A. Upton and Maggie Upton his wife." Private examination of Maggie Upton was conducted.

(b) Deed of "Mrs. Addie B. Upton (widow of J. K. Upton) to John T. Upton conveying the three tracts described in the petition. The deed was dated 4 June 1955 and is of record in Book 575

at page 338, Randolph County Registry. The deed shows execution by Addie B. Upton and Grace Willie Johnson, but only Mrs. Addie B. Upton acknowledged her signature before a notary public.

(c) Copy of the will of A. Upton, certified by the Deputy Clerk of Court to be a true copy. After specific bequests testator devised and bequeathed the remainder of the estate to "John K. Upton and A. B. Upton, his wife."

(d) Cancelled checks payable to Randolph County Tax Department signed by Mrs. J. T. Upton on the account of "Mr. or Mrs. J. T. Upton, 1337 Auten Road, Charlotte, N. C." for 1968, 1969, 1970, 1971, 1972, 1974 and 1975.

(e) Tax receipts to John T. Upton from Randolph County Tax Department for 1969, 1971, 1972, 1974.

(f) A series of checks identified as payment for insurance and supplies, and repairs incident to the property.

(g) Copy of will of John T. Upton dated 12 May 1975, and admitted to probate in Mecklenburg County, on or about 27 October 1976.

After the parties had introduced their documentary evidence, the court ruled that Lula C. Upton was not solely seized of the property. After hearing testimony and receiving additional documentary evidence, the court entered its judgment finding facts and making conclusions of law. Findings of fact and conclusions pertinent to this appeal are:

"14. That Alvis Upton and wife, Maggie Upton, conveyed by deeds the tracts of land located in Richland Township, Randolph County, that are described as of record in the office of the Register of Deeds of Randolph County, North Carolina at (i) Deed Book 150, page 205, (ii) Deed Book 170, page 148 and (iii) Deed Book 170, page 146.

15. That the name of John K. Upton is the only name that appeared in the granting clause of the deeds aforementioned.

16. That drawing from the four (4) corners of the instrument, and according to established rules of construction, the Court finds as a fact that it was the intention of the grantors of the

deeds recited in Paragraph 14 of these findings, to create a fee simple state in said tracts in John K. Upton, individually.

17. That John K. Upton made a deed to his wife, Addie B. Upton, for the eighty (80) acre tract described in Deed Book 150, page 205, which deed is recorded at Book 183, page 270, Randolph County Registry. This Court further finds that John K. Upton was the only party who signed this deed.

18. That subsequently, Addie B. Upton made a deed to her husband, John K. Upton, for the tract described in Deed Book 150, page 205, which deed is recorded at Book 206, page 494, Randolph County Registry.

19. That the deed aforementioned in Paragraph 18 recites that Addie B. Upton was privately examined, separate and apart from her husband, and recites that she stated that she signed the same freely and voluntarily, without fear or compulsion of her said husband, or any other person. That there is no certification by the examining official that the deed was not unreasonable or injurious to the said Addie B. Upton, the deed being in all other respects regular.

20. That Addie B. Upton made a deed dated June 4, 1955 and recorded in Book 575, page 338, Randolph County Registry, purporting to convey fee simple title in all the aforementioned tracts of land.

21. That Addie B. Upton acknowledged her signature on the deed aforementioned in Paragraph 20 above, before a duly authorized notary public.

22. That a writing purporting to be the signature of Grace Willie Johnson appears on said deed.

23. That the writing purporting to be the signature of Grace Willie Johnson was never acknowledged as required by law nor in any manner whatsoever.

24. That Grace Willie Johnson denied signing the deed aforementioned in Paragraph 20 above, and stated under oath that it was not her signature.

25. That the name of Grace Willie Johnson does not appear anywhere in the premises, granting, habendum, or warranty clauses of the deed aforementioned in Paragraph 20 above.

26. That the Court finds as a fact that the name of Grace Willie Johnson appearing on the deed aforementioned in Paragraph 20 above was not her signature, and that she never did sign the said deed."

### CONCLUSIONS OF LAW

"1. The deeds made by Alvis Upton and wife, Maggie Upton, created a fee simple estate in John K. Upton, individually, in all the lands in paragraph 1 of the petition.

2. That the deed aforementioned from John K. Upton to Addie B. Upton created a fee simple estate in Addie B. Upton for the eighty (80) acre tract only, said tract being described at Book 183 page 270, Randolph County Registry.

3. That the deed aforementioned from Addie B. Upton to John K. Upton created a fee simple estate in John K. Upton, individually, subject to a life estate in Addie B. Upton, in the tract described at Book 206, page 494.

4. That North Carolina General Statute No. 39-13.1 cures the defect in the private examination certification of the deed from Addie B. Upton to John K. Upton of the eighty (80) acre tract, the deed and acknowledgment thereof being in all other respects regular.

5. That John K. Upton died seized in fee simple of all the lands which are the subject of this action, said lands being described paragraph 1 of the petition.

6. That upon the death of John K. Upton, his heirs-at-law became vested in fee simple of all the lands which are the subject of this action subject to the dower interest of Addie B. Upton, and subject to her life estate in the eighty (80) acre tract aforementioned. These lands are described in paragraph 1 of the petition."

From the judgment entered, respondent, Lula Upton, appeals.

*Richard H. Robertson for respondent appellant, Lula C. Upton.*

*Coltrane, Gavin and Pugh, by Alan V. Pugh, for petitioner appellees, Grace Willie Johnson and her husband, Hoyt Johnson.*

*Ottway Burton for respondent appellees, William Kelly Burrow and his wife, Jane J. Burrow; Judy B. Isaacson and her husband, Paul Isaacson; Jack Thomas Upton and his wife, Lola Comer Upton; William W. Burrow by his Guardian ad litem, Solonia Frances Burrow, and his wife, Solonia Frances Burrow.*

MORRIS, Chief Judge.

The first question which must be answered on this appeal is whether the Alvis Upton deeds conveyed the land in question to John K. Upton and his wife, Addie B. Upton as tenants by the entirety. The court concluded that the deeds did not create an estate by the entirety. We are constrained to agree.

In all three deeds the names of J. K. Upton or John K. Upton and his wife, A. B. or Addie Upton, appear in the recital of the parties. In one deed, this is the only place the wife's name appears. In two of the deeds the wife's name also appears in the habendum and warranty along with J. K. or John or John K. Upton. Two of the deeds state that the consideration named was paid by J. K. or John K. Upton. In one deed the named consideration was paid by "the party of the second part". In all three deeds the granting clause conveys the property to "J. K. Upton and his Body heirs," or "John K. Upton and his heirs" or "said J. K. Upton and his heirs."

G.S. 39-1.1 provides:

"(a) In construing a conveyance executed after January 1, 1968, in which there are inconsistent clauses, the courts shall determine the effect of the instrument on the basis of the intent of the parties as it appears from all of the provisions of the instrument.

(b) The provisions of subsection (a) of this section shall not prevent the application of the rule in Shelley's case."

In *Whetsell v. Jernigan*, 291 N.C. 128, 229 S.E. 2d 183 (1976), the Court said:

"By the passage of G.S. 39-1.1, it would appear that '[I]t is the legislative will that the intention of the grantor and not the technical words of the common law shall govern.' *Triplett v. Williams, supra,* at 398, 63 S.E. at 80. *See also* Comment, 4 Wake Forest Intra. L. Rev. 132 (1968). Thus, we are of the opinion that so long as it does not prevent the application of the rule in Shelley's case, conveyances executed after 1 January 1968 in which there are inconsistent clauses shall be construed in accordance with G.S. 39-1.1 so as to effectuate the intent of the parties as it appears from all the provisions in the instrument. However, we hold that G.S. 39-1.1 does not apply to conveyances executed prior to 1 January 1968 and that such conveyances will be construed in accordance with the principles enunciated in *Artis v. Artis, supra,* and *Oxendine v. Lewis, supra.*" 291 N.C. at 133, 229 S.E. 2d at 187.

In *Artis v. Artis,* 228 N.C. 754, 47 S.E. 2d 228 (1948), the granting clause conveyed a fee simple estate. The habendum was in accord and made no attempt to restrict or enlarge the estate. The clause which was repugnant to both the granting clause and the habendum appeared in the description and attempted to limit or divest the fee simple title which had been conveyed by the granting clause. The Court held that the granting clause would prevail and the repugnant clause would be rejected. The rule was stated to be:

"Hence it may be stated as a rule of law that where the entire estate in fee simple, in unmistakable terms, is given the grantee in a deed, both in the granting clause and *habendum*, the warranty being in harmony therewith, other clauses in the deed, repugnant to the estate and interest conveyed, will be rejected." 228 N.C. at 761, 47 S.E. 2d at 232.

Also in *Oxendine v. Lewis,* 252 N.C. 669, 114 S.E. 2d 706 (1960), the granting clause conveyed a fee simple, the habendum was in accord, and the clause which attempted to limit the estate granted to a life estate with remainder to grantor appeared at the end of the description. The Court held that the words which tended to limit the fee simple estate granted were not in the granting clause or the habendum and, under a long line of cases cited, would be deemed surplusage and of no force and effect.

In *Whetsell*, the repugnant clause also appeared in the description and the granting clause conveyed a fee simple, and the habendum contained no limitation of the fee granted by the granting clause. Nevertheless, we have found nothing to require limiting the rule of *Artis, Oxendine,* and *Whetsell* to those situations where the repugnant clause appears only in the description. *See Gamble v. Williams*, 39 N.C. App. 630, 251 S.E. 2d 625 (1979). Indeed we think the principles enunciated and applied are in accord with the settled rules of construction generally applied prior to the effective date of G.S. 39-1.1.

In *Wilkins v. Norman*, 139 N.C. 40, 51 S.E. 797 (1905), a fee simple estate was conveyed by the granting clause, the habendum was in accord, but the clause attempting to limit the estate to a life estate appeared after the warranty clause. The Court held the repugnant clause ineffective. Justice Connor, writing for the Court, quoted with approval what was said by Justice Ashe in *Rowland v. Rowland*, 93 N.C. 214 (1885):

> " 'Blackstone, in his Commentaries, vol. 2, p. 298, has said that the office of the *habendum* is to lessen, enlarge, explain or qualify the premises, but not to contradict or be repugnant to the estate granted in the premises. And to illustrate what is meant by the repugnancy which will render the *habendum* nugatory, he puts the case where, in the premises the estate is given to one and his heirs, *habendum* to him for life, for an estate of inheritance is vested in him before the *habendum* comes, and shall not afterwards be taken away and divested by it.' The deed in that case upon which the decision is based is essentially different from ours. We have considered the case upon the assumption that the clause under which plaintiffs claim contains apt words to convey an estate in remainder. This, however, is by no means clear. While we are advertent to the general rule that the Court will by an examination of the entire deed, seek, and, if found, effectuate the intention of the grantor, we must keep in view the other rule that when rules of construction have been settled, it is the duty of the Court to enforce them, otherwise titles are rendered uncertain and insecure." 139 N.C. at 42-43, 51 S.E. at 798.

In *Triplett v. Williams*, 149 N.C. 394, 63 S.E. 79 (1908), the granting clause conveyed a fee simple estate and the habendum

limited the estate to a life estate. The Court discussed the intent of the grantor and held:

> "Taking into consideration the whole of the deed under discussion, it is clear beyond doubt that it was the intention of the grantor that the *habendum* should operate as a proviso or limitation to the granting clause in the premises, and control it so as to limit the estate conveyed to his daughter Margaret to a life estate with remainder over to her children." 149 N.C. at 398-99, 63 S.E. at 80-81.

Appellants rely on *Triplett* as a departure by the Court from the common law rule that certain technical portions of the deed controlled the estate granted and the adoption of a rule that the intentions of the parties, gathered from the entire instrument, must be determinative. We think the reliance is misplaced. The *Triplett* Court was following the principle enunciated by the same Court only a month earlier in *Condor v. Secrest*, 149 N.C. 201, 62 S.E. 921 (1908), although it did not cite the case. In *Condor*, the Court following *Blair v. Osborne*, 84 N.C. 417 (1881), held that a deed should be construed in accordance with the intent of the parties if the rules of law would permit that construction. Both *Blair* and *Condor* held that one not named in the granting clause of the deed may, nevertheless, take an estate in remainder by limitation in the habendum, because although the habendum cannot even introduce in the deed as grantee one who is a stranger to the granting clause, he may take by way of remainder by the habendum.

Both *Blair* and *Condor* were quoted with approval in *Bryant v. Shields*, 220 N.C. 628, 18 S.E. 2d 157 (1942). The facts there are strikingly similar to the facts in the case before us for decision. The recitals of the deed designated the grantee as John W. Smith, the payment of the consideration by John W. Smith was acknowledged, and the granting clause was to John W. Smith and his heirs. In the habendum clause appeared the words: "to the said John W. Smith and wife, Amanda C. Smith, and their heirs". Amanda C. Smith survived John W. Smith, and plaintiff, her executor, instituted the action claiming that she had acquired title to the land in question by virtue of her having survived her husband. The Court did not agree that the deed conveyed an estate by the entirety and held that John W. Smith alone took an estate in fee simple under the deed. In so doing the Court reaffirmed the

settled rules that "the granting clause is the very essence of the contract", *Bryant v. Shields*, 220 N.C. at 632, 18 S.E. 2d at 160; the granting clause designates the grantee and the thing granted; the office of the habendum is "to lessen, enlarge, explain, or qualify the estate granted . . . but not to contradict or be repugnant to the estate granted . . ." 220 N.C. at 632, 18 S.E. 2d at 159. The Court also noted that all parts of the deed should be considered in ascertaining the intent of the grantor, but in so doing the Court may not disregard recognized canons of construction and settled rules of law.

[1] The rule is stated succinctly in *Ingram v. Easley*, 227 N.C. 442, 444, 42 S.E. 2d 624, 626 (1947). "In the event of any repugnancy between the granting clause and preceding or succeeding recitals, the granting clause will prevail." *See also Gamble v. Williams, supra.* The rule is subject only to the limitations which may be placed by the habendum upon the estate granted if such a limitation clearly appears to be the intent of the grantor.

[2] From an examination of the deeds before us, and applying the rules of construction which we must, we come to the conclusion that the deeds did not create an estate by the entirety in John K. Upton and his wife, but conveyed to John K. Upton a fee simple estate individually. Nor do we think this result does violence to an attempt to ascertain the intent of the grantor. In these deeds, the one clear unambiguous indicia of intent is the fact that all deeds acknowledged the payment of consideration by John K. Upton and in all deeds the granting clause was to John K. Upton.

[3] We must now determine the validity of the deed [listed as (4) above] dated 30 November 1922, of record in Book 206 at page 494, Randolph County Registry, which purports to convey to John K. Upton the 80-acre tract described as 1.(1) in the petition. By deed dated 2 June 1919, John K. Upton had conveyed the tract to Addie Upton, his wife. The validity of that deed is not questioned if John K. was seized in fee of the land, as we have held that he was. The deed from Addie to John contains the certificate of the Clerk of the Superior Court that the grantor, Addie Upton, was by him "privately examined, separate and apart from her said husband, touching her voluntary execution of the same", and that she "doth state that she signed the same freely and voluntarily,

without fear or compulsion of her said husband, or of any other person, and that she doth still voluntarily assent thereto." The Clerk did not certify that the conveyance was not unreasonable or injurious to Addie, obviously because this finding was not incorporated in the form deed used. The deed was, in all other respects, regular. Former G.S. 52-6 required contracts between husband and wife during coverture to be in writing and acknowledged before a certifying officer who was required to make a private examination of the wife touching upon her voluntary execution of the contract. Further, subsection (b) thereof required in part that "[t]he certifying officer examining the wife shall incorporate in his certificate a statement of his conclusions and findings of fact as to whether or not (sic) said contract is unreasonable or injurious to the wife." It is this certificate which is lacking in the deed from Addie to John. The court took the position that G.S. 39-13.1(b) validated the deed. The statute provides:

"(b) Any deed, contract, conveyance, lease or other instrument executed prior to February 7, 1945, which is in all other respects regular except for the failure to take the private examination of a married woman who is a party to such deed, contract, conveyance, lease or other instrument is hereby validated and confirmed to the same extent as if such private examination had been taken, provided that this section shall not apply to any instruments now involved in any pending litigation."

Appellants contend that the statute has no application, relying on *Mansour v. Rabil*, 277 N.C. 364, 177 S.E. 2d 849 (1970), and *Boone v. Brown*, 11 N.C. App. 355, 181 S.E. 2d 157 (1971), which followed *Mansour*. Appellants' reliance is misplaced. Both cases are distinguishable. In neither case had there been any attempt to comply with sections (a), (b), or (c) of G.S. 52-6. The Court, therefore, held that the document before the Court, in *Mansour* a joint will and in *Boone* a deed, was not "in all other respects regular." Here, however, the certifying officer was the proper officer, the Clerk of Superior Court, and he did conduct a private examination touching her voluntary execution of the deed. The only omission was the certificate that the deed was not unreasonable or injurious to her. The deed was in all other respects regular. There is no contention that there is any defect

in the premises, the granting clause, the description, the habendum, or the warranties or that there is anything about the deed which is not regular except the lack of the certificate of the certifying officer as to injury or unreasonableness. We think this is certainly one of the situations to which G.S. 39-13.1(b) was intended to apply. Otherwise, the curative statute would be stripped of all meaning.

Appellant presents no argument with respect to the position that she has acquired title to the property by adverse possession. While neither that question nor the question of equitable estoppel as to Grace Willie Johnson is before us, we do not think it inappropriate to say that we agree with the trial court's findings that the evidence does not support either theory.

Affirmed.

Judges CLARK and ARNOLD concur.