RICHARD H. DeJAAGER v. GHISLAINE M. DeJAAGER

No. 794DC936

(Filed 1 July 1980)

**Husband and Wife § 10– separation agreement – no private examination of wife – improper certifying officer – curative statutes inapplicable**

 The wife's acknowledgement of a separation agreement was fatally defective under former G.S. 52-6 where there was no private examination of the wife and thus no finding as to whether the agreement was unreasonable or injurious to the wife, and where the acknowledgment was certified by a Judge Advocate in the Marine Corps who did not qualify as a "certifying officer" under G.S. 52-6(c) because his position was not that of an "equivalent or corresponding officer" of the jurisdiction where the examination and acknowledgement were to be made. Furthermore, the omission of the private examination and the lack of authority on the part of the certifying officer precludes the use of curative statutes, G.S. 52-8 and G.S. 47-81.2, to validate the agreement.

 Appeal by defendant from *Erwin, Judge.* Judgment entered 17 May 1979 in District Court, Onslow County. Heard in the Court of Appeals 11 March 1980.

 Plaintiff and defendent were married on 7 June 1955 and lived together until 6 June 1977, the date of their separation. On 10 November 1978, plaintiff sued for divorce based on one year's separation. Defendant answered on 11 January 1979, averring that their separation was due to plaintiff's constructive abandonment of her, and, in addition, counterclaimed for temporary alimony, permanent alimony and attorneys' fees. Plaintiff pleaded a separation agreement dated 26 May 1977 to preclude defendant's claim for alimony, and moved for summary judgment on that ground.

 On 22 February 1979, plaintiff was granted an absolute divorce from defendant. On hearing of defendant's claim for

temporary alimony, the trial court, on 9 April 1979, awarded defendant $400 per month as temporary alimony plus attorneys' fees. On 17 May 1979, however, the court granted plaintiff's motion for summary judgment on defendant's claim for permanent alimony, based on a finding that the separation agreement was properly acknowledged and otherwise valid. Defendant appeals. Plaintiff cross assigns error to the award of attorneys' fees to defendant in the temporary alimony action.

Other facts necessary to the disposition of this appeal are related below.

*Brock, Foy and Proctor, by Jimmy C. Proctor, for plaintiff appellee.*

*Dixon and Horne, by Phillip R. Dixon, for defendant appellant.*

MORRIS, Chief Judge.

The primary question before us is a determination with respect to the validity of the separation agreement entered into by the parties on 26 May 1977, as brought forth by defendant's tenth assignment of error.

The separation agreement dated 26 May 1977 contained the following provision:

> The wife accepts the provisions herein made in lieu of and in full settlement and satisfaction of any and all claims and rights against her husband for her support and maintenance and in full settlement and satisfaction of any and all other claims and rights whatsoever.

Plaintiff relies on this provision as a bar to defendant's claim for permanent alimony. Defendant, however, contests the validity of the separation agreement on the ground that it fails to meet the requirements of G.S. 52-6, which provided, at the time the separation agreement was executed, in pertinent part, as follows:

(a) No contract between husband and wife made during their coverture shall be valid to affect or change any part of the real estate of the wife, or the accruing income thereof for a longer time than three years next ensuing the making of such contract, nor shall any separation agreement between husband and wife be valid for any purpose, unless such contract or separation agreement is in writing, and is acknowledged before a certifying officer who shall make a private examination of the wife according to the requirements formerly prevailing for conveyance of land.

(b) The certifying officer examining the wife shall incorporate in his certificate a statement of his conclusions and findings of fact as to whether or not [sic] said contract is unreasonable or injurious to the wife. The certificate of the officer shall be conclusive of the facts therein stated but may be impeached for fraud as other judgments may be.

(c) Such certifying officer must be a justice, judge, magistrate, clerk, assistant clerk or deputy clerk of the General Court of Justice or the equivalent or corresponding officers of the state, territory or foreign country where the acknowledgment and examination are made and such officer must not be a party to the contract.

As originally drawn and signed, the 26 May 1977 separation agreement contains the signatures of, aside from plaintiff and defendant, R.O. Lange and Ferris R. Bond. The following acknowledgment appears in the record:

On this the 26th day of May, 1977, before me, Ferris R. Bond, the undersigned officer, personally appeared Richard H. DeJaager, known to me to be a Retired, Non-Commissioned Officer with the Armed Forces of the United States and his wife, Ghislaine M. DeJaager, who is also known to me and to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same for the purposes therein contained. And the undersigned does further certify that he is at the date of this certificate a Commissioned Officer of the rank

DeJaager v. DeJaager

stated below and is in the active service of the Armed Forces of the United States.

> s/ FERRIS R. BOND CPT, USMCR, Judge Advocate of the United States Marine Corps stationed at the Joint Law Center, Marine Corps Air Station, (Helocopter), New River, North Carolina.

Defendant argues that this acknowledgment is deficient in that there was no private examination; that it contains no conclusions and findings of fact as to whether the contract is unreasonable or injurious to the wife, as required by G.S. 52-6(b); and that Ferris R. Bond was not a proper certifying officer, as required by G.S. 52-6(c). Defendant argues, in addition, that these defects cannot be cured by the operation of G.S. 52-8 or G.S. 47-81.2, in that, aside from the defect as to private examination, the separation agreement is not "in all other respects valid," *citing Mansour v. Rabil,* 277 N.C. 364, 177 S.E. 2d 849 (1970), and *Boone v. Brown,* 11 N.C. App. 355, 181 S.E. 2d 157 (1971).

With respect to the validity of the separation agreement, we agree with defendant that the failure to comply with G.S. 52-6 in this instance leaves the purported acknowledgment fatally defective. It is clear that no private examination was conducted in this case. It necessarily follows that there was not included in the acknowledgment a statement of the results of such examination. Finally, we find that Ferris R. Bond did not qualify as a "certifying officer" under G.S. 52-6(c) in that his position as a Judge Advocate in the Marine Corps was not that of an "equivalent or corresponding" officer within the jurisidiction where the acknowledgment and examination were to be made. *See* 10 U.S.C. § 936(a)(1); G.S. 47-2, G.S. 10-4(a)(1); G.S. 52-6(c). *See also Boone v. Brown,* supra (notary public not authorized under G.S. 52-6 to make required certificate). In any event, the acknowledgment which was executed by Bond and which closely parallels in substance the form encouraged by G.S. 47-2, is clearly insufficient for the purposes of the private examination requirement of G.S. 52-6.

In addition, while we question the continued usefulness of the holdings in *Mansour* and *Boone*, we nevertheless conclude that the curative statute G.S. 52-8 and its counterpart G.S. 47-81.2 are inapplicable to the separation agreement here. In the recent case of *Johnson v. Burrow*, 42 N.C. App. 273, 256 S.E. 2d 811 (1979), our application of the curative statute G.S. 39-13.1(b) was based on our finding that a private examination was conducted by a proper certifying officer, and that the only omission from the requirements of G.S. 52-6 was the certificate that the deed was not unreasonable or injurious to the wife. We held there that the instrument in question was in all other respects proper. In the present case, we hold, under the authority in *Johnson*, that the omission of the private examination and the lack of authority on the part of the officer acknowledging the separation agreement precludes the use of the curative statutes to validate the instrument.

In his brief, plaintiff attacks the constitutionality of G.S. 52-6, but this argument was not advanced at the trial level. "[A]s a general rule this Court will not pass upon a constitutional question not raised and considered in the court from which the appeal was taken." *Brice v. Moore*, 30 N.C. App. 365, 368, 226 S.E. 2d 882, 884 (1976). We adhere to this principle in this case.

Since the separation agreement was not executed in the manner required by G.S. 52-6, and there is not validation under G.S. 52-8, it is void *ab initio*. *Rupert v. Rupert*, 15 N.C. App. 730, 190 S.E. 2d 693 (1972). It follows that the trial court erred in ruling, in its first conclusion of law, that the separation agreement was valid and binding and that it constituted a bar to defendant's counterclaim for permanent alimony. We, therefore, hold that summary judgment was improperly entered against defendant, and we accordingly remand this action for further proceedings not inconsistent with this opinion.

Plaintiff's cross-assignment of error as to the allowance of attorneys' fees in the order of 9 April 1979 awarding temporary alimony is improperly brought forward under North Carolina Appellate Rule 10, which provides that an appellee, without taking an appeal, may bring up within appellant's appeal "any action or omission of the trial court to which an exception was

duly taken ... and which deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken." The correct avenue of relief from the order would have been a direct appeal. The question is not before us on this appeal.

Reversed and remanded.

Judges VAUGHN and ARNOLD concur.