PEGGY DAVIS MURPHY AND HUSBAND, ROBERT MURPHY, PETITIONERS v. HELEN MILLS DAVIS, DEFENDANT AND T. E. DAVENPORT, TRUSTEE AND FIRST UNION NATIONAL BANK, ADDITIONAL DEFENDANTS

No. 827SC282

(Filed 5 April 1983)

**1. Husband and Wife § 4.3— wife's conveyance to husband—absence of private examination**

     A wife's 1974 deed to her husband attempting to partition property held as tenants by the entireties was void where the provisions of former G.S. 52-6 requiring a private examination of the wife were not complied with, and where the deed was not validated by G.S. 52-8 because that statute did not apply to pending litigation.

2. **Constitutional Law § 4; Husband and Wife § 4.3— conveyance from wife to husband—constitutionality of G.S. 52-6—no standing to contest**

>  Petitioner had no standing to contest the constitutionality of G.S. 52-6 as it relates to a deed from petitioner's mother to her father.

APPEAL by petitioners from *Reid, Judge.* Judgment entered 30 November 1981 in Superior Court, NASH County. Heard in the Court of Appeals 7 February 1983.

This action commenced with a petition for partition of property. The facts alleged in the pleadings tend to show that in September 1974, Iredell Davis and Helen Mills Davis, who owned a tract of land in Nash County as tenants by the entireties, attempted to partition the property and create a tenancy in common, but failed to comply with G.S. 52-6. Later, Iredell Davis devised all his interest in the property to his daughter, Peggy Davis Murphy, the petitioner in this action.

Peggy Davis Murphy alleged that she owned, as tenants in common with Helen Mills Davis, a half interest in the property. She requested the property be sold in lieu of partition. Helen Mills Davis, the defendant, contended that petitioner had no interest in the property. She counterclaimed for $5,000.00 damages for the mental suffering she endured from petitioner's harassment and interference.

The trial court allowed defendant's motion for summary judgment and petitioners' motion to dismiss defendant's counterclaim.

*J. Michael Weeks, for petitioner appellants.*

*Moore, Diedrick, Whitaker and Carlisle, by Joy Sykes, for defendant appellee.*

VAUGHN, Chief Judge.

[1] Petitioners' first argument is that the trial court erred in granting defendant's motion for summary judgment. Summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). Petitioners contend that, although no facts are in dispute, defendant was not entitled to

judgment as a matter of law because the conveyance between Iredell and Helen Davis, which failed to comply with G.S. 52-6, was not void.

G.S. 52-6 (repealed by session laws 1977, c. 375, s. 1, effective January 1, 1978), provided, in part:

> (a) No contract between husband and wife made during their coverture shall be valid to affect or change any part of the real estate of the wife . . . unless such contract . . . is in writing, and is acknowledged before a certifying officer who shall make a private examination of the wife according to the requirements formerly prevailing for conveyance of land.

The deed executed between defendant and her deceased husband was executed on 26 September 1974. The petition for partition was filed 1 May 1980. The following statute was enacted, effective 1 October 1981.

> Any contract between husband and wife coming within the provisions of G.S. 52-6 executed between January 1, 1930, and January 1, 1978, which does not comply with the requirement of a private examination of the wife or with the requirements that there be findings that such a contract between a husband and wife is not unreasonable or injurious to the wife and which is in all other respects regular is hereby validated and confirmed to the same extent as if the examination of the wife had been separate and apart from the husband. *This section shall not affect pending litigation.* (Emphasis added.)

G.S. 52-8.

Since this litigation was pending during the effective date of the statute, G.S. 52-8 does not affect this action. A wife's deed purporting to convey property to her husband, without complying with G.S. 52-6, and not validated by G.S. 52-8, is void. *Boone v. Brown*, 11 N.C. App. 355, 181 S.E. 2d 157 (1971). This rule, although questioned, has been recently applied by this Court in reference to a separation agreement in *DeJaager v. DeJaager*, 47 N.C. App. 452, 267 S.E. 2d 399 (1980).

Petitioners contend that the legislative intent is to validate a deed conveyed under these circumstances, and this Court should

find, as a matter of law, that the conveyance was valid and petitioners own the property as tenants in common with defendant. We find, however, that the legislative intent is clear from the unambiguous language of the statute. "This section shall not affect pending litigation" is not subject to more than one reasonable interpretation. In enacting G.S. 52-8, the legislative intent was to validate contracts made void by G.S. 52-6, except for those in pending litigation. Since this action was pending at the time of enactment of G.S. 52-8, failure to meet the requirements of G.S. 52-6 renders the conveyance void.

[2]   Petitioners' second argument is that G.S. 52-6 is unconstitutional and cannot void the deed. They contend that the statute violates the Equal Protection Clause of the 14th Amendment of the United States Constitution, and Article 1, Section 19 and Article 10, Section 4 of the North Carolina Constitution because it discriminates on the basis of sex. Petitioner, however, is merely attempting to raise the constitutional rights of her deceased father. She does not have standing to attack the constitutionality of the statute. Petitioner must allege she has sustained an "injury in fact" as a direct result of the statute to have standing to challenge the statute as violating either the federal or the North Carolina constitutions. U.S. Const. art. III, § 1; *Baker v. Carr*, 369 U.S. 186, 7 L.Ed. 2d 663, 82 S.Ct. 691 (1962); *In re Appeal of Martin*, 286 N.C. 66, 209 S.E. 2d 766 (1974). Instead, petitioner's injury is due to her father's failure to comply with the statute, not because the statute was discriminatory as to her.

The entry of summary judgment is

Affirmed.

Judges WELLS and BRASWELL concur.