J. D. WEST ET UX NINA MAE WEST, BETTY GILLESPIE ET VIR FREEMAN GILLESPIE, WILLIAM E. WEST, JR. ET UX FRANCES WEST, MARGARET GREGORY ET VIR GENE GREGORY, LOUISE CAMPBELL ET VIR JAMES CAMPBELL, EVELYN WEST (WIDOW OF WILLIAM E. WEST, SR.), VANNAH WEST (WIDOW OF LEE WEST), JAMES L. WEST ET UX EULA WEST, NANNIE HAWK ET VIR JOE HAWK v. W. ARTHUR HAYS, JR., EXECUTOR OF THE ESTATE OF ELINOR C. COOK, PATRICIA HAYS ELLIOTT, AUDREY G. HAYS, ANN HAYS WRIGHT AND W. ARTHUR HAYS, JR., INDIVIDUALLY

No. 8530SC1263

(Filed 19 August 1986)

Deeds § 6.1— 1947 deed without certification—void

N.C.G.S. § 39-13.1 and N.C.G.S. § 52-8 did not operate to cure a 1947 deed which was void because the certifying officer taking the acknowledgment of the wife failed to state in his certificate his conclusions as to whether the conveyance was unreasonable or injurious to the wife. N.C.G.S. § 39-13.1(b) purports to cure deeds executed prior to 7 February 1945 and is clearly not applicable; N.C.G.S. § 39-13.1(a) purports to cure deeds which are void for failure to conduct a private examination of the wife, but a private examination was not required in this case; and N.C.G.S. § 52-8 did not cure the void deed because defendants' rights in the subject property vested in 1978 upon the death of the wife and N.C.G.S. § 52-8 was not amended until 1981.

APPEAL by defendants from *Downs, Judge.* Judgment entered 1 July 1985 in Superior Court, MACON County. Heard in the Court of·Appeals 12 May 1986.

*McKeever, Edwards, Davis & Hays by Ronald M. Cowan and W. Arthur Hays, Jr., for defendant appellants.*

*Coward, Cabler, Sossomon & Hicks by J. K. Coward, Jr., for plaintiff appellees.*

COZORT, Judge.

Plaintiffs instituted this action to be declared the owners, in fee simple absolute, of a certain tract of land in Macon County now in defendants' possession. The trial court entered judgment for the plaintiffs, and defendants appealed. We reverse, holding that G.S. 39-13.1 and G.S. 52-8 cannot cure the void deed in question.

The lands in question in this action were conveyed to Henry D. West and his wife, Elinor C. West, as tenants by the entirety by a recorded deed, dated 21 May 1943, from Lester Henderson and wife, Adeline Henderson. Henry D. West and Elinor C. West, as tenants by the entirety, executed a deed conveying the lands from Henry D. West and wife, Elinor C. West, to Walter Dean, dated 2 September 1947, acknowledged and recorded 3 September 1947. The execution of this deed was acknowledged by Henry D. West and wife, Elinor C. West, to the Honorable Clinton Brookshire, Clerk of Superior Court, Macon County, on 3 September 1947, but the clerk's certificate contained no statement of his conclusions and findings of fact as to whether the deed was "unreasonable or injurious" to Elinor C. West as was required by then G.S. 52-12 (Cum. Supp. 1949) (later G.S. 52-6, repealed by Session Laws 1977, c. 375, s. 1, effective 1 January 1978) and G.S. 47-39 (Cum. Supp. 1949) (repealed by Session Laws 1977, c. 375, s. 16, effective 1 January 1978). Walter Dean and wife, Timmie Dean, executed a deed dated 3 September 1947, conveying the lands back to Henry and Elinor West. This deed was recorded fifteen minutes after the deed from the Wests to the Deans was recorded. The deed from the Deans to the Wests gave Elinor C. West a life estate and Henry D. West, and his heirs and assigns, a vested remainder in fee simple after the death of Elinor C. West.

Henry D. West died intestate on 26 January 1948, survived by his wife, Elinor C. West, and four children from a previous marriage. Plaintiffs are the heirs of Henry D. West from this previous marriage. Elinor C. West later remarried and was thereafter known as Elinor C. Cook. Elinor C. Cook died testate on 19 October 1978, and the devisees of Mrs. Cook acquired the lands in question through the residuary clause of Mrs. Cook's will. Those devisees are the defendants here.

The superior court concluded that the deed in question from Henry D. West and wife, Elinor C. West, to Walter Dean, dated 2 September 1947, was void and of no legal effect because the then applicable provisions of G.S. 52-12 and G.S. 47-39 were not complied with in that the clerk of court failed to find that the transaction was not "unreasonable or injurious" to Elinor C. West. The parties have not excepted to that conclusion. The superior court further concluded, however, that G.S. 39-13.1 (1984) and G.S. 52-8 (1984) operate to cure this defect in the deed in question, that the deed and acknowledgment thereof was in all other respects regular, and that plaintiffs are the owners in fee simple of the land. It is these conclusions which form the basis of defendants' appeal.

Defendants argue, and we agree, that G.S. 39-13.1 (1984) is inapplicable to this case and that G.S. 52-8 (1984) cannot operate to cure the void deed in question.

The parties are in agreement, and the superior court found and concluded, that the transaction between the Wests and the Deans was a "straw man" transaction. Thus, the deed in question is one between Elinor C. West and her husband, Henry D. West. At the time the deed from the Wests to the Deans was executed, 2 September 1947, and acknowledged 3 September 1947, G.S. 52-12 and G.S. 47-39 required the acknowledging officer on the deed to find and so certify that the deed is not "unreasonable or injurious to [the wife]." G.S. 52-12 (Cum. Supp. 1949) (later G.S. 52-6, repealed by Session Laws 1977, c. 375, s. 1, effective 1 January 1978); G.S. 47-39 (Cum. Supp. 1949) (repealed by Session Laws 1977, c. 375, s. 16, effective 1 January 1978). No private examination of the wife was required by then G.S. 52-12 and G.S. 47-39. If the certifying officer taking the acknowledgment of the wife failed, however, to state in his certificate his conclusions as to

whether the conveyance is "unreasonable or injurious to her," the deed is void and of no legal effect. *Davis v. Vaughn*, 243 N.C. 486, 91 S.E. 2d 165 (1956); *McCullen v. Durham*, 229 N.C. 418, 50 S.E. 2d 511 (1948). The trial court, as the parties do not contest, was correct in its determination that the deed in question was void.

We do not agree, however, with the trial court's conclusion that G.S. 39-13.1 operated to cure the void deed. We find G.S. 39-13.1 inapplicable to the facts of this case. G.S. 39-13.1(b), which purports to cure deeds executed prior to 7 February 1945, clearly is not applicable here. G.S. 39-13.1(a) provides that, "[n]o deed, contract, conveyance, leasehold or other instrument executed since the seventh day of November, 1944, shall be declared invalid because of the failure to take the *private examination* of any married woman who was a party to such deed, contract, conveyance, leasehold or other instrument." [Emphasis added.] The plain language of G.S. 39-13.1(a) purports to cure deeds which are void because of failure to conduct a private examination of the wife. As noted previously, on 3 September 1947, G.S. 52-12 and G.S. 47-39 did not require a private examination of the wife. Rather, G.S. 52-12 and G.S. 47-39 required that the certifying officer conclude that the transaction was not "unreasonable or injurious" to the wife. G.S. 39-13.1(a) does not purport to cure, and does not in fact cure, deeds which are void because the certifying officer taking the acknowledgment of the wife failed to state in his certificate his findings of fact and conclusions that the conveyance is not "unreasonable or injurious to her." We hold the superior court erred in concluding that G.S. 39-13.1 operates to cure the void deed in question.

The superior court further concluded that G.S. 52-8 operates to cure the void deed in question. We hold that G.S. 52-8 cannot operate to cure the void deed.

G.S. 52-8 was amended in 1981 in an attempt to cure deeds which lack the certification that the transaction was not unreasonable or injurious to the wife. G.S. 52-8 (1984) reads as follows:

> Any contract between husband and wife coming within the provisions of G.S. 52-6 [formerly G.S. 52-12] executed between January 1, 1930, and January 1, 1978, which does not comply with the requirement of a private examination of the wife *or with the requirements that there be findings that*

*such a contract between a husband and wife is not unreasonable or injurious to the wife* and which is in all other respects regular is hereby validated and confirmed to the same extent as if the examination of the wife had been separate and apart from the husband. This section shall not affect pending litigation. (Emphasis added.)

It appears on its face that G.S. 52-8 by its terms purports to cure the 3 September 1947 deed in question. As we have previously held, however, the deed in question is void. Defendants' rights in the subject property vested in 1978 upon the death of Elinor C. Cook. G.S. 52-8, which purports to cure the deed in question, was not amended until 1981. In *Mansour v. Rabil,* 277 N.C. 364, 376, 177 S.E. 2d 849, 857 (1970), our Supreme Court held that "[a] void contract cannot be validated by a subsequent act, and the Legislature has no power to pass acts affecting vested rights. *Booth v. Hairston,* 193 N.C. 278, 136 S.E. 879; *Foster v. Williams,* 182 N.C. 632, 109 S.E. 2d 834; 7 Strong's N.C. Index 2d, Statutes Sec. 8; 7 Strong's N.C. Index 2d, Curative Statutes Sec. 9." To apply G.S. 52-8 to cure the void deed in the present case would violate this rule of law. Thus, we find the superior court erred in concluding that G.S. 52-8 operates to cure the void deed in question.

We find plaintiffs' cross-appeal, that defendants are estopped from denying plaintiffs' title due to the doctrine of laches, to be without merit. *See Mansour v. Rabil, supra.*

In summary, we hold that G.S. 39-13.1 and G.S. 52-8 cannot operate to cure the void deed from the Wests to the Deans. As such, the Wests held the property as tenants by the entirety, with Mrs. West (later Mrs. Cook) as the sole owner upon Mr. West's death. Defendants, as the devisees of Mrs. Cook, acquired the property upon Mrs. Cook's death. Plaintiffs, the heirs of Mr. West, have no interest in the land; and the trial court erred in entering judgment for the plaintiffs.

Reversed and remanded for entry of judgment for the defendants.

Chief Judge HEDRICK and Judge EAGLES concur.