ELIZABETH M. BARBER, PLAINTIFF, AND JOHN S. BARBER, ROBERT D. BARBER, AND SUSAN M. BARBER, INTERVENING PLAINTIFFS v. WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, A CORPORATION, DEFENDANT

No. 8729SC599

(Filed 16 February 1988)

**1. Appeal and Error § 6.2— order allowing amendment of complaint—appeal premature**

Defendant's appeal from that portion of the trial court order allowing the original plaintiff to amend her complaint is dismissed as premature, since the order allowing amendment did not deprive appellant of a substantial right which would be lost if not reviewed before final judgment on the original plaintiff's complaint.

**2. Insurance § 29.1— life insurance—no change of beneficiaries**

The trial court properly granted summary judgment for plaintiff intervenors in their action to recover proceeds from a life insurance policy where the policy was in full force and effect at the time of insured's death; the certificate designated the original plaintiff and the intervening plaintiffs as beneficiaries; no request for change of beneficiary had been received by defendant; the only action insured took regarding the certificate since its issuance was to write defendant requesting information regarding the status as to death benefit, total cash value, ownership and beneficiary designation; and this letter did not rise to the level of a manifestation of intent or attempt by the insured to change the designated beneficiaries.

Barber v. Woodmen of the World Life Ins. Society

APPEAL by defendant from *Helms, William H., Judge.* Order entered 28 January 1987 in Superior Court, HENDERSON County. Heard in the Court of Appeals 8 December 1987.

This action was instituted 23 October 1985 by Elizabeth M. Barber (hereinafter original plaintiff) against Woodmen of the World Life Insurance Society, a corporation (hereinafter defendant) seeking payment to her of the entire amount due under two insurance policies issued on the life of her deceased husband Leonard B. Barber, Jr. On 2 February 1986, John S. Barber, Robert D. Barber, and Susan M. Barber, children of the deceased Leonard B. Barber, Jr., were allowed to intervene as party plaintiffs (hereinafter intervenors). They filed their complaint seeking payment to them of an amount equal to seventy-five percent (75%) of both policies.

On 28 January 1987 the court entered an order (1) granting the original plaintiff's motion to amend her complaint to allege additional causes of action for breach of fiduciary duty and for unfair trade practices under North Carolina General Statutes 75-1.1, (2) granting the intervenors' motion for summary judgment for payment to them of an amount equal to seventy-five percent (75%) of policy No. 3485452; but denying their motion as to policy No. 3482260. The order also provided that the original plaintiff preserved her right to pursue her claim for payment to her in full on both policies. From the provisions of the order granting the original plaintiff's motion to amend her complaint and granting the intervenors' motion for summary judgment as to policy No. 3485452, defendant appeals.

*Toms and Bazzle, P.A., by James H. Toms, Ervin W. Bazzle and Eugene M. Carr, III, for original plaintiff appellee.*

*Robert G. McClure, Jr., for intervening plaintiff appellees.*

*Francis M. Coiner, for defendant appellant.*

JOHNSON, Judge.

The facts are undisputed. On 15 October 1970, Leonard B. Barber, Jr., the original plaintiff's deceased husband, applied for and was granted membership in the Woodmen of the World Life Insurance Society. As a member, defendant issued two certificates of insurance on the life of Leonard B. Barber, Jr.: Certifi-

cate No. 3050629 and Certificate No. 2455146. Both certificates were issued with the following designated as beneficiaries: Susan M. Barber, John S. Barber, and Robert D. Barber.

Upon the written application and request of the insured for a change of certificate and beneficiaries, certificate No. 3482260 was issued to replace certificate No. 2455146. The named beneficiaries on the new certificate were Elizabeth M. Barber, wife; John S. Barber, son; Robert D. Barber, son; and Susan M. Barber, daughter. On 23 May 1977, the insured submitted to defendant a written request by application to again change the named beneficiaries on certificate No. 3482260 to the following: Elizabeth M. Barber, wife, in one sum, if living; otherwise, to John S. Barber, son; Robert D. Barber, son; and Susan M. Barber, daughter, equally, in one sum.

On 30 May 1977, the insured, upon written application to defendant, requested a change of certificate No. 3050629 and its designated beneficiaries. In compliance with the insured's request, defendant replaced certificate No. 3050629 with certificate No. 3485452 with the beneficiaries being designated as follows: Elizabeth M. Barber, wife; John S. Barber, son; Robert D. Barber, son; and Susan M. Barber, daughter.

On 18 July 1983, Leonard B. Barber, Jr. wrote the following letter to defendant requesting information regarding the status of the two policies.

July 18, 1983

RE: WOODMAN [sic] OF THE WORLD—3485452 and 3482260

Dear Sirs:

Would you please give me the status of the above named policies with regard to net death benefit, total cash value, ownership and beneficiary designation. A prompt reply would be appreciated.

Sincerely,

Dr. Leonard Barber

On 27 July 1983, defendant answered with the following letter.

July 27, 1983

213 NC

Leonard B. Barber, Jr.
820 Fleming
Hendersonville, NC 28739

Dear Sovereign Barber:

Certificate 3485452
                    "            3482260

Thank you for your letter.

Certificates 3485452 and 3482260 were issued to you effective April 1, 1977 for the face amounts of $81,400 and $8,140 respectively. The accidental death benefit was included when Certificate 3482260 was issued.

Effective August 1, 1983, the cash surrender values will be $10,943.36 on Certificate 3485452 and $1,106.90 on Certificate 3482260. The certificates have no indebtedness.

In the event these certificates become claims at this time, the beneficiary would receive $100,000 from Certificate 3485452 and $10,000 from Certificate 3482260.

The beneficiaries are Elizabeth M. Barber, wife, in one sum, if living, otherwise to John S. Barber, son, Robert D. Barber, son, and Susan M. Barber, daughter, equally, in one sum. Enclosed is a photocopy of the beneficiary endorsement for your information.

If we may be of service in the future, please write.

Fraternally,

(Mrs.) Kathy J. Cochran
Certificate Change Section
Membership Services Department

kjc/wb
enc.

The referred enclosed photocopied beneficiary endorsement reads:

3482260

BENEFICIARY ENDORSEMENT

In accordance with the Application, payment of the Death Benefits shall be made as follows:

Elizabeth M. Barber, wife, in one sum, if living, otherwise to John S. Barber, son, Robert D. Barber, son, and Susan M. Barber, daughter, equally, in one sum. --------------------------------

Leonard B. Barber, Jr. died 13 July 1985. Both certificates were in full force and effect at the time of his death. On 13 July 1985, certificate No. 3485452 in the amount of $100,000.00 designated Elizabeth M. Barber, wife; John S. Barber, son; Robert D. Barber, son; and Susan M. Barber, daughter as beneficiaries to share equally in the proceeds of the policy. On 13 July 1985, Certificate No. 3482260 in the amount of $10,000.00 carried an endorsement designating the following beneficiaries: Elizabeth M. Barber, wife, in one sum, if living; otherwise, to John S. Barber, son; Robert D. Barber, son; and Susan M. Barber, daughter, equally, in one sum.

[1] By its first Assignment of Error, defendant contends that the court erred in allowing the original plaintiff to amend her complaint.

It is axiomatic that no appeal lies from an interlocutory order or ruling of the trial judge, and will be dismissed as fragmentary and premature unless the order or ruling deprives the appellant of a substantial right which he would lose if the order or ruling is not reviewed before final judgment. G.S. 1-277; G.S. 7A-27; *Blackwelder v. State Dept. of Human Resources,* 60 N.C. App. 331, 299 S.E. 2d 777 (1983). It is also well settled that an order of the trial court allowing a motion to amend the complaint is interlocutory and is not immediately appealable. *Howard v. Ocean Trail Convalescent Center,* 68 N.C. App. 494, 315 S.E. 2d 97 (1984). The order allowing the original plaintiff to amend her complaint does not deprive appellant of a substantial right which would be lost if not reviewed before final judgment on the original plaintiff's complaint. Therefore, defendant's appeal from that portion of the trial court order allowing the original plaintiff to amend her complaint is dismissed as being premature.

[2] Next, defendant contends the trial court erred in granting the intervenors' motion for summary judgment on policy No. 3485452.

Summary judgment is a drastic measure and should be considered with diligence. *Billings v. Joseph Harris Co.*, 27 N.C. App. 689, 220 S.E. 2d 361 (1975), *aff'd*, 290 N.C. 502, 226 S.E. 2d 321 (1976). It should be granted only when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Quail Hollow E. Condominium Ass'n v. Donald J. Scholz Co.*, 47 N.C. App. 518, 268 S.E. 2d 12, *cert. denied*, 301 N.C. 527, 273 S.E. 2d 452 (1980). An issue is material if the facts alleged would constitute a legal defense or would affect the result of the action. *North Carolina National Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976).

It is undisputed that at the time of the insured's death on 13 July 1985 both certificates, No. 3482260 and No. 3485452, were in full force and effect; that certificate No. 3485452, at the time of the insured's death, designated the beneficiaries as Elizabeth M. Barber, wife; John S. Barber, son; Robert D. Barber, son; and Susan M. Barber, daughter. The certificate also provided that the proceeds be paid to the four named beneficiaries in equal shares. Certificate No. 3482260, at the time of the insured's death, carried an endorsement designating the beneficiaries as Elizabeth M. Barber, wife, in one sum, if living; otherwise to John S. Barber, son; Robert D. Barber, son; and Susan M. Barber, daughter. Both certificates provided that the beneficiary may be changed by written request and submission of the certificate for endorsement to the home office of the defendant.

The forecast of evidence clearly shows from the original plaintiff's request for admissions and defendant's answers thereto and the depositions of Kathy Cochran, defendant's text operator; Scott J. Darling, supervisor of defendant's life benefits section; and Lana Stevens, supervisor of defendant's certificate of change section, that no request for change of beneficiary endorsement has been received by defendant on certificate No. 3485452 since it was issued to replace the original certificate No. 3050629. Further, the forecast of evidence shows that the only action the in-

sured took regarding certificate No. 3485452 since its issuance was to write defendant on 18 July 1983 requesting information regarding the status of both certificates (3485452 and 3482260) as to their death benefit, total cash value, ownership, and beneficiary designation.

An insurance policy is a contract and its provisions govern the rights and duties of the parties thereto, and those persons entitled to the proceeds of a life insurance policy must be determined in accordance with the contract. *Fidelity Bankers Life Ins. Co. v. Dortch*, 318 N.C. 378, 348 S.E. 2d 794 (1986), *citing Harrelson v. State Farm Mutual Automobile Insurance Co.*, 272 N.C. 603, 158 S.E. 2d 812 (1968); and *Bullock v. Expressman's Mutual Life Insurance Co.*, 234 N.C. 254, 67 S.E. 2d 71 (1951). The intention of the parties controls any interpretations or construction of the contract, and intention must be derived from the language employed. *Lineberry v. Security Life & Trust Co.*, 238 N.C. 264, 77 S.E. 2d 652 (1953). The contract must be construed and enforced as written, without rewriting the contract or disregarding the express language used. *York Industrial Center v. Michigan Mutual Liability Co.*, 271 N.C. 158, 155 S.E. 2d 501 (1967). Only when the contract is ambiguous does strict construction become inappropriate. *Duke v. The Mutual Life Insurance Co.*, 286 N.C. 244, 210 S.E. 2d 187 (1974), *reh'g denied*, 286 N.C. 547 (1975).

Policy 3485452, the subject of this appeal, clearly designates the original plaintiff and the intervenors as beneficiaries to share equally in the proceeds. It further provides in unambiguous terms that

> The beneficiary of this certificate may be changed by written request and submission of this certificate for endorsement to the Home Office of the Society. When so endorsed the change will become effective as of the date it was signed. . . .

Where a contract provides for a change in beneficiaries, the rights of the designated beneficiary do not vest until the death of the insured. *Harrison v. Winstead*, 251 N.C. 113, 110 S.E. 2d 903 (1959). The policy provision governing any changes in the beneficiary in the case *sub judice* is unambiguous. The insured's letter of 18 July 1983 is not a request to change beneficiaries nor does it rise to the level of a manifestation of intent or attempt by the insured to change the designated beneficiaries. The original plain-

tiff and the intervenors remained the designated beneficiaries to share equally in the policy proceeds when the insured died and they acquired vested rights to the proceeds at that time. In that there is no genuine issue of material fact existing on the questions of the entitlement to the proceeds, the trial court properly granted the intervenors' motion for summary judgment on policy No. 3485452.

In summary, we dismiss the appeal from the order allowing the original plaintiff's motion to amend her complaint, and affirm the order granting the intervenors' motion for summary judgment.

Dismissed in part, affirmed in part.

Judges ARNOLD and ORR concur.