## DUNN v. PATE

[98 N.C. App. 351 (1990)]

MOLLIE JACKSON DUNN AND HUSBAND, CECIL DUNN; DAISY JACKSON TROGDON AND HUSBAND, JAMES H. TROGDON, JR.; PATRICIA JACKSON DAVIS AND HUSBAND, WILLIAM R. DAVIS; FAIRLYN JACKSON MONTELLA AND HUSBAND, MICHAEL MONTELLA, PLAINTIFFS APPELLANTS v. WILLARD J. PATE; BOBBIE LOU JACKSON GRIMES; FAIRLEY JAMES GRIMES AND WIFE, JENNIFER B. GRIMES; DAVID E. GRIMES, JR.; ELIZABETH GRIMES FISHER AND HUSBAND, WILSON DAVID FISHER; LABON CHARLES GRIMES AND WIFE, LIBBY GRIMES, DEFENDANTS APPELLEES

No. 8912SC555

(Filed 1 May 1990)

### 1. Husband and Wife § 4.2 (NCI3d)— deed between husband and wife—no private exam of wife—no certificate that deed was not injurious to wife—errors not cured by statute

The trial court erred in granting summary judgment in favor of defendants based on a finding that N.C.G.S. § 39-13.1 or N.C.G.S. § 52-8 cured the failure of the certifying officer to find and certify that the deed in question was not unreasonable or injurious to the subscribing wife, since N.C.G.S. § 39-13.1(a) purported to cure only an instrument which was "in all other respects regular except for the failure to take the private examination"; the deed in question was not "in all other respects regular" due to the lack of a certificate stating that the deed was not unreasonable or injurious to the wife; and N.C.G.S. § 52-8 could not cure the void 1962 deed because plaintiffs' rights vested in the property with the wife's death on 17 August 1980, and the amendment to that statute was not enacted until 1981.

Am Jur 2d, Deeds §§ 26, 191.

### 2. Appeal and Error § 456 (NCI4th)— constitutional issue—appeal disposed of on other grounds

The Court of Appeals declines to rule upon a constitutional issue, though defendants alleged violation of their constitutional rights in their answer, trial brief, and during oral arguments, since there were other grounds for the trial court's decision, and the record did not make it clear that the trial court based its decision on the constitutional issue asserted.

Am Jur 2d, Appeal and Error § 702.

DUNN v. PATE

[98 N.C. App. 351 (1990)]

APPEAL by plaintiffs from order entered 16 March 1989 by *Judge Wiley F. Bowen* in CUMBERLAND County Superior Court. Heard in the Court of Appeals 9 November 1989.

This is a dispute involving title and ownership of land. Mary A. Jackson conveyed property to F. J. Jackson and wife, Mary E. Jackson, as tenants by the entirety. On 23 July 1962, F. J. Jackson and Mary E. Jackson later executed a deed conveying the property to F. J. Jackson only. The deed in question did not contain a certification by the clerk of court that the conveyance was not unreasonable or injurious to the wife as was then required by G.S. 52-12 and G.S. 47-39. F. J. Jackson died testate on 12 May 1976 and devised a life estate to his wife, Mary E. Jackson, and the remainder to his living children and sister-in-law, Willard J. Pate, in equal shares. Mary E. Jackson then died intestate on 17 August 1980. Mary E. Jackson's heirs were her five daughters, Mollie Jackson Dunn, Daisy Jackson Trogdon, Patricia Jackson Davis, Fairlyn Jackson Montella, who along with their husbands are the plaintiffs in this action, and Bobbie Lou Jackson Grimes who is a defendant. The defendant, Willard J. Pate, is the half sister of Mary E. Jackson. The defendants Fairley James Grimes, David E. Grimes, Jr., Elizabeth Grimes Fisher and Labon Charles Grimes are the children of the defendant Bobbie Lou Jackson Grimes and the grandchildren of F. J. and Mary E. Jackson. After her mother's death, Bobbie Lou Jackson Grimes conveyed the interest she acquired by and through her mother to her children. The plaintiff Fairlyn Jackson Montella conveyed portions of her interest to plaintiffs Mollie Jackson Dunn and husband, Cecil S. Dunn.

In their complaint, plaintiffs allege that title vested in them with one-fifth interest each as heirs at law of Mary E. Jackson by intestate succession because the deed from F. J. and Mary E. Jackson to F. J. Jackson only was void since the clerk failed to make the appropriate certification. Defendants answered claiming superior title under the will of Fairley Jackson because G.S. 39-13.1(a) cured the defect resulting from the failure of the clerk to certify that the conveyance was not unreasonable or injurious to the wife. In the alternative defendants asserted that G.S. 52-12 and G.S. 47-39 violated the 14th Amendment to the United States Constitution since it represented a form of gender-based discrimination. All parties moved for summary judgment and the trial court granted defendants' motion. Plaintiffs appeal.

DUNN v. PATE

[98 N.C. App. 351 (1990)]

*McCoy, Weaver, Wiggins, Cleveland and Raper, by Richard M. Wiggins, for plaintiff-appellants.*

*Faircloth, Taylor and Yarborough, by Garris Neil Yarborough, for defendant-appellees.*

EAGLES, Judge.

[1] Plaintiffs' sole assignment of error is whether the trial court committed reversible error by granting summary judgment in favor of defendants based on a finding that G.S. 39-13.1 or G.S. 52-8 cured the failure of the certifying officer to find and certify that the deed was not unreasonable or injurious to a subscribing wife. Plaintiffs agree that summary judgment is appropriate but argue that the evidence and stipulated facts would require entry of summary judgment in their favor. First, plaintiffs argue that G.S. 39-13.1 (a) purports to cure only an instrument " 'which is in all other respects regular except for the failure to take the private examination' " and that the 1962 deed was not "in all other respects regular" due to the lack of a certificate stating that the deed was not unreasonable or injurious to the wife. Plaintiffs argue that the requirement of a private examination and the finding that the deed was not unreasonable or injurious to the wife are two separate requirements and G.S. 39-13.1(a) does not cure a deed where there is a failure to find that the deed was not unreasonable or injurious to the wife. Secondly, plaintiffs argue that G.S. 52-8 could not cure the void 1962 deed because the plaintiffs' rights vested in the property on 17 August 1980 and the amendment to G.S. 52-8 was not enacted until 1981.

Initially we note that "[s]ummary judgment is a drastic measure." *Barber v. Woodmen of the World Life Ins. Society,* 88 N.C. App. 666, 671, 364 S.E.2d 715, 718 (1988) (citations omitted). "It should be granted only when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there in no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.*

In July 1962, when F. J. and Mary E. Jackson conveyed the realty to F. J. Jackson only, G.S. 52-12, which was later renumbered as G.S. 52-6, provided that no contract made between husband and wife during coverture could be valid unless a certifying officer made a private examination of the wife and incorporated in his

certificate a statement that the contract was not unreasonable or injurious to the wife. We note parenthetically that G.S. 52-6 was repealed by Session Laws 1977, c. 375, s. 1, effective 1 January 1978. "Our Supreme Court has uniformly held that unless the requirements of that statute [G.S. 52-6] are complied with, such a deed is void." *Boone v. Brown*, 11 N.C. App. 355, 357, 181 S.E.2d 157, 158 (1971), and cases cited therein. The certificate must be attached or annexed to the deed. *See Caldwell v. Blount*, 193 N.C. 560, 137 S.E. 578 (1927). " 'Where, however, there has been a substantial compliance with statutory requirements, [the] deed may be enforced, but there must be a substantial compliance with every requisite of the statute.' " *Kanoy v. Kanoy*, 17 N.C. App. 344, 347, 194 S.E.2d 201, 203, *cert. denied*, 283 N.C. 257, 195 S.E.2d 689 (1973), quoting *Trammell v. Trammell*, 2 N.C. App. 166, 169, 162 S.E.2d 605, 607 (1968).

In *Boone, supra*, the acknowledgment of the deed in question did not comply with G.S. 52-6 which provided that a certifying officer must conduct a private examination of the wife and incorporate in its certificate a statement that the deed was not unreasonable or injurious to the wife. The *Boone* court stated that neither requirement of G.S. 52-6 was complied with. The court also stated that the person who took the wife's acknowledgment was a notary public who was not authorized by G.S. 52-6(c) to certify the acknowledgment. The court held that since the statute was not complied with, the deed was void. The court also addressed the applicability of G.S. 52-8, which is a curative statute, to the deed in question. The court held that since none of the requirements of G.S. 52-6 had been met, G.S. 52-8 would not operate to cure the void deed since the statute by its own terms applied to contracts which were " 'in all other respects regular.' " *Id.* at 357, 181 S.E.2d at 159; *see also Mansour v. Rabil*, 277 N.C. 364, 177 S.E.2d 849 (1970).

On its facts *Boone* is very similar to this case. Mary E. Jackson conveyed property to F. J. Jackson when G.S. 52-12 required both a private examination by a certifying officer and a statement in the certificate that the deed was not unreasonable or injurious to the wife. After careful review of the record here we find no evidence that a private examination of the grantor Mary E. Jackson was ever conducted by a certifying officer. The parties stipulated that the deed appearing in the record is not in controversy. There are no attachments or annexations to the deed indicating that a

**DUNN v. PATE**

[98 N.C. App. 351 (1990)]

private examination had been conducted. In their complaint, plaintiffs admit that the acknowledgment is defective because the certification failed to comply with G.S. 52-12 and G.S. 47-39 in that there was no finding that the conveyance was not unreasonable or injurious to wife. We find the acknowledgment also defective because it contains no evidence that a private examination was conducted by a certifying officer. Accordingly, the deed was void. We must now determine whether G.S. 52-8 or G.S. 39-13.1(a) would cure the otherwise invalid deed.

· *West v. Hays*, 82 N.C. App. 574, 346 S.E.2d 690 (1986), addressed whether G.S. 52-8 could cure defects in a deed between a husband and wife which was in all other respects regular except for the absence of a required private examination or the absence of a finding that the contract was not unreasonable or injurious to the wife after the rights of the parties have already vested. In *West*, defendants' rights in the property vested in 1978 and G.S. 52-8 was not amended until 1981. The *West* court stated that our Supreme Court in *Mansour v. Rabil*, 277 N.C. 364, 376, 177 S.E.2d 849, 857 (1970), held that " '[a] void contract cannot be validated by a subsequent act, and the Legislature has no power to pass acts affecting vested rights.' " *Id.* at 578, 346 S.E.2d at 692. Accordingly, the *West* court held that "[t]o apply G.S. 52-8 to cure the void deed in the present case would violate this rule of law." *Id.*

Here, the void deed was not in all other respects regular because of its failure to meet any of the requirements of G.S. 52-12 and the rights of the parties vested upon the death of Mary E. Jackson on 17 August 1980. Since the amendment to G.S. 52-8 did not occur until 1981, under the rule of *West* this statute could not be retroactively applied to cure the void deed. Accordingly, we find that the trial court erred in concluding that G.S. 52-8 operated to cure the void deed in question.

Secondly, we note that G.S. 39-13.1(a) which provides that "[n]o deed, contract, conveyance, leasehold or other instrument executed since the seventh day of November 1944, shall be declared invalid because of the failure to take the private examination of any married woman who was a party to such deed, contract, conveyance, leasehold or other instrument" does not validate the deed also. Even if this statute would operate to validate the deed for failure of the certifying officer to conduct a private examination, the deed would still be invalid because the certifying officer failed to find

whether or not the deed was unreasonable or injurious to the wife since there were two statutory requirements.

Defendants rely on *Johnson v. Burrow*, 42 N.C. App 273, 256 S.E.2d 811 (1979), to support their position that G.S. 39-13.1(a) cured the purported deed. In *Johnson*, the certifying officer conducted a private examination but failed to find that the deed was not unreasonable or injurious to the wife. There the court held that G.S. 39-13.1(b) would operate to validate the deed. In support of its holding the court distinguished the facts in *Johnson* from those in *Boone*. The *Johnson* court noted that in *Boone* there had been no attempt to comply with any section of G.S. 52-6 whereas in *Johnson* the certifying officer did in fact conduct a private examination and the officer's only omission was the failure to find that the deed was not unreasonable or injurious to the wife. The court held that the deed in *Johnson* was in all other respects regular.

We note that *Johnson* addressed the applicability of G.S. 39-13.1(b) while here we are addressing the applicability of G.S. 39-13.1(a). G.S. 39-13.1(a) operates to cure void deeds executed after November 1944 and G.S. 39-13.1(b) cures deeds executed prior to 7 February 1945 and are in all other respects regular except for failure to take the private examination. Since the deed here failed to comply with any of the requirements of G.S. 52-12, we find the facts of *Johnson* clearly distinguishable and accordingly conclude G.S. 39-13.1(a) would not validate the deed.

In *West* our court discussed the separate nature of the private examination and the requirement of a finding that the conveyance was not unreasonable or injurious to the wife. The deed in *West* was executed on 2 September 1947. The *West* court noted that when the deed was executed, G.S. 52-12 and G.S. 47-39 did not require a private examination of the wife. Accordingly, the court held that G.S. 39-13.1(a) could not cure a deed void for failure of the certifying officer to find that the conveyance was not unreasonable or injurious to the wife. G.S. 39-13.1(a)'s efficacy was limited to curing deeds where the certifying officer failed to make a private examination. We note that the theory of substantial compliance that was applied in *Johnson* could not apply in *West*. In *West* the only statutory requirement in effect was that there be a finding that the conveyance was not unreasonable or injurious to the wife and at that time there was no requirement of a private examination.

DUNN v. PATE

[98 N.C. App. 351 (1990)]

[2] Finally, in their brief defendants have argued in the alternative that summary judgment should be affirmed because G.S. 52-12 and G.S. 47-39 violated the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 19 of the North Carolina Constitution. Defendants contend that since they asserted this equal protection argument in their answer and argued it in their trial brief and oral arguments, the trial court must have adopted their position when it allowed summary judgment for defendants.

While we note from the record that defendants did raise the constitutional issues before the trial court, from the record it appears that the trial court did not rule on the constitutional issues. Our conclusion is bolstered by the fact that the trial court ruled in defendants' favor with no statement of reasons. In *State v. Jones*, 242 N.C. 563, 89 S.E.2d 129 (1955), defendant asserted alternative grounds for quashing a bill of indictment which charged him with violating a city ordinance prohibiting him from building or installing a septic tank and nitrification or tile bed for the septic tank without prior inspection by the Pamlico County Health Department. Defendant moved to quash the indictment on the grounds that the ordinance was unconstitutional and therefore void or in the alternative quash the indictment because the offense charged was alleged in the alternative. In its ruling the trial court stated that " '[a]fter hearing the argument of the solicitor and counsel for defendant, and after considering the matter, the court is of the opinion that the motion to quash the Bill of Indictment should be allowed, and thereupon, it is ORDERED THAT THE INDICTMENT BE QUASHED.' " *Id.* at 564, 89 S.E.2d at 130. The State appealed.

In *Jones*, our Supreme Court stated that it was "unable to ascertain whether the court sustained the motion to quash on the ground that the ordinance of the Board of Health of Pamlico County is unconstitutional, or upon the ground that the offense charged in the respective counts in the bill of indictment is alleged in the alternative." *Id.* The court stated that "[t]herefore, in conformity with the well established rule of appellate courts, we will not pass upon a constitutional question unless it affirmatively appears that such question was raised and passed upon in the court below." *Id.* After determining that the bill of indictment was sufficient, the Supreme Court overruled the motion to quash the indictment.

Here defendants state in their brief that they alleged violation of their constitutional rights in their answer, trial brief, and during oral arguments. In its order granting defendants' motion, the trial court did not mention the constitutional claim. Because there were other grounds for the trial court's decision and the record does not make it clear that the trial court based its decision on the constitutional basis asserted, we decline to rule upon the constitutional issue.

In summary, since no private examination was conducted by the certifying officer and there was no finding that the deed was unreasonable or injurious to the wife, there was no compliance with the statute justifying summary judgment in favor of the defendants. The trial court erroneously granted summary judgment in favor of defendants after applying G.S. 39-13.1(a) and G.S. 52-8 to cure an invalid deed. Accordingly, we reverse the entry of summary judgment in favor of defendants and remand this cause.

Reversed and remanded.

Judges PARKER and ORR concur.